[Civ. No. 42692. Second Dist., Div. Four. Nov. 1, 1973.]

HARRY JAMES WARD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent
KATHY ANN BUCKNER, Real Party in Interest.

## COUNSEL

Gilbert, Kelly, Crowley & Jennett, James B. Crowley, Ellis J. Horvitz and Arthur E. Schwimmer for Petitioner.

No appearance for Respondent.

Nathaniel J. Friedman for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—Petitioner and the real party in interest were involved in an automobile accident. The real party in interest filed suit against petitioner for damages arising out of that accident. On May 21, 1973, concurrently with service of the summons, and complaint in that action, the real party in interest caused to be served on petitioner a statutory offer of compromise (Code Civ. Proc., §§ 998 and 999) in the following terms:

"To the defendant herein, Harry James Ward, and his attorneys, insurance company and private lawyer, if any:

"You, and each of you, will please take notice that plaintiff offers to allow judgment, pursuant to C.C.P. §§ 998 and 999 in an amount equal to the single-person pay limit provided in defendant Ward's policy of insurance with the Automobile Club of Southern California.

"Because at the time of the making of this offer, plaintiff has not yet discovered the exact dollar amount provided in said policy, in the event the offer is accepted, plaintiff will insist on a sworn statement from defendant and his carrier, that the Auto Club policy is the sole insurance policy providing liability coverage, and in the event that the defendant in fact has other liability coverage that would apply to this case, defendant will be required to so advise plaintiff under oath. In that case, plaintiff requires that the Auto Club policy be paid in full, that no release be required, but rather in the event of other liability coverage, defendant will be entitled to a credit on any ultimate judgment rendered, to the extent payment on the Auto Club policy is made.

"Failure to accept this offer within 30 days of the date of service upon defendant, will mean that plaintiffs will claim interest from the date of service of the offer on defendant Ward, and costs of all expert witnesses employed."

On June 8, 1973, counsel for the real party in interest wrote to an employee of the Auto Club,[1] reciting that inquiry had disclosed assets of petitioner in addition to his insurance policy with the club,[2] expressly withdrawing the original offer and tendering a new offer to settle for a larger sum. On June 14, 1973 (within 30 days from the service of the original offer) petitioner, through his attorneys, filed an answer in the lawsuit, together with a notice of acceptance of the original offer. Real party in interest moved to strike the notice of acceptance, which motion was granted, by a minute order dated July 3, 1973.

Petitioner sought mandate in this court "directing Respondent Superior Court forthwith to vacate its minute order of July 3, 1973 in Los Angeles Superior Court Case No. NW C 32316 and to enter judgment for Real Party in Interest in the sum of $15,000.00." We issued our alternative writ;[3] the matter has been argued and submitted; we grant a peremptory writ as prayed.

The petition and answer in this court, as did the briefs in the trial court, argue whether an offer of settlement, made pursuant to sections 998 and 999, may be revoked prior to acceptance and within the 30-day period set forth in the statute.

On consideration of the record before us, we conclude that we need not reach that issue in the case at bench. ■ Whether or not a statutory offer is supported by consideration and thus is an irrevocable option, its acceptance is governed by the basic laws of contract. (*Distefano* v. *Hall* (1968) 263 Cal.App.2d 380, 385 [69 Cal.Rptr. 691].)[4] ■ Under familiar contract law, a revocation of an offer must be directed to the offeree. That was not done here. The offer was made to petitioner personally; the purported revocation was directed to his insurer. But, until petitioner had taken some affirmative action to designate either the insurer or its

---

[1]The full name of petitioner's insurer is "Interinsurance Exchange of the Automobile Club of Southern California." We use the familiar abbreviation for that organization.

[2]The letter discloses that, by the time it was written, the attorneys had discovered that the Auto Club policy carried a limit applicable to the law suit of $15,000.

[3]In her answer in this court, the real party in interest argues that petitioner had an adequate remedy by appeal. Our issuance of the alternative writ has determined that issue adversely to the real party in interest. (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 44, 45 and 94, pp. 3817-3820, and pp. 3869-3870.)

[4]Since we conclude that the attempted revocation was not validly communicated, we do not reach the question of the application of *Distefano* to the different facts involved in the case at bench.

attorneys to represent him in the lawsuit, petitioner, and petitioner only, was the proper addressee of a revocation.[5]

Although petitioner did have a policy of insurance with the Auto Club, and that fact had in some way come to the knowledge of the real party in interest or her attorneys,[6] we know of nothing that, as between petitioner and the real party in interest, compelled petitioner to resort to the protection of that policy. Petitioner, had he so desired, could have ignored his insurance carrier and accepted the offer, obligating himself to pay out of other assets the amount demanded. While such unilateral action by petitioner might have affected his rights vis-à-vis the insurer, that is not a factor that real party in interest can consider.

We note that the offer included a demand for a "sworn statement from defendant and his carrier that the Auto Club policy is the sole insurance policy providing liability coverage." In the trial court, the real party in interest complained that such a statement, although admittedly provided, was not served concurrently with the acceptance. The point is not urged on us and we deem it abandoned. In any event, we cannot see in the offer, drafted by counsel for the real party in interest, any language that made the furnishing of that statement a condition precedent to anything other than payment.

The alternative writ is discharged. Let a peremptory writ issue, directing the trial court: (a) to vacate its minute order of July 3, 1973 (purporting to strike petitioner's acceptance of the offer to compromise); and (b) to enter judgment in favor of the real party in interest in the amount of $15,000.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied November 9, 1973, and the petition of the real party in interest for a hearing by the Supreme Court was denied December 27, 1973.

---

[5]While the letter of June 8th would suggest that the insurer had, at least by June 7th, gained some knowledge of the accident and of its potential involvement in the resulting lawsuit, the record is silent as to how that knowledge had been obtained. Nothing before us indicates that petitioner had involved his carrier prior to the date on which his answer and acceptance were filed in the trial court.

[6]How the real party in interest or her attorneys had discovered the existence of the Auto Club policy is not explained on any record before us or before the trial court. Our personal (but not judicial) knowledge enables us to guess, but that is not evidence.