[No. A065755. First Dist., Div. Five. Feb. 27, 1995.]

RUSSELL MOFFETT, Plaintiff and Respondent, v.
MICHELLE JANE BARCLAY, Defendant and Appellant.

## COUNSEL

Allswang, Smith & Walsh and Terry Wilkens for Defendant and Appellant.

Donald L. Galine and Will Glennon for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Defendant/appellant Michelle Jane Barclay appeals from that portion of a judgment awarding plaintiff/respondent Russell Moffett prejudgment interest and expert witness costs pursuant to Code of Civil Procedure section 998.[1] She contends respondent is not permitted to recover prejudgment interest and costs because he did not serve her personally with an offer to compromise (§ 998) when she was a party to the action.

### FACTS

On July 24, 1992, respondent[2] filed an action against appellant and Does I-X for injuries sustained when the cars they were each driving collided. On August 10, 1992, respondent served an offer to compromise the action for

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[2]Respondent's wife, Suzanne Moffett, was also named as a plaintiff in the complaint, but is not a party to this appeal.

$25,000 on Ada Lau at State Farm Mutual Automobile Insurance Company.[3] The offer, which was addressed to "defendants and their attorneys of record," stated that if it was not accepted within 30 days from the date of service, respondent would also claim prejudgment interest from the date of filing the offer. On August 27, 1992, respondent served the complaint and summons on appellant at her work address. Respondent never received a response to his offer to compromise. On September 28, 1992, appellant answered the complaint, generally and specifically denying all allegations.

In December 1993 the action was tried and resulted in a damage award of $32,400. In addition to awarding respondent damages in the amount of $32,400 and postjudgment interest from January 5, 1994, at a rate of 10 percent per annum, the judgment also awards respondent expert witness costs, and prejudgment interest from August 10, 1992, in reliance on the section 998 offer to compromise.

Appellant moved for an order denying prejudgment interest and costs on the grounds the offer to compromise was invalid because (a) it was served before she was served with summons and complaint, and (b) it was not served on her. The court denied appellant's motion, concluding (1) the insurance company, until it obtained an attorney for appellant, was her agent once a lawsuit was filed, (2) there was no one other than the insurance company with whom respondent could have corresponded, and (3) appellant could not compromise the action without the authority of her insurer.

## DISCUSSION

■ Appellant contends prejudgment interest was improperly awarded because the offer to compromise was not served on her, and was served before she was a party to the action. We conclude appellant is correct.

Section 998 provides that ". . . any party may serve an offer in writing upon any other *party* to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time." (Italics added.) If the offer is not accepted within 30 days after it is made, it is deemed withdrawn. Here, the recipient of respondent's offer to compromise, appellant's insurer, was not a party to the action under any theory. Moreover, appellant herself, despite being named in the complaint was not a party at the time the offer was made because she had not yet been served with summons and complaint.

A party is a person named as a party to an action and subjected to the jurisdiction of the court. (Rest.2d Judgments, § 34; see also *Tanner* v. *Best*

---

[3]Apparently Ms. Lau is a claims representative for State Farm, appellant's insurer.

(1940) 40 Cal.App.2d 442, 445 [104 P.2d 1084] ["In order for a civil action to be prosecuted, there must be some existing entity aimed at by the processes of the law, and against whom the court's judgment will operate."] A person is not subjected to the jurisdiction of the court until summons has been served or they have made a general appearance. (§ 410.50, subd. (a).) That section 998 contemplates the party to an offer to compromise has been properly served is clear from its phrase "to allow judgment to be taken . . . ." It requires no citation of authority to state that judgment may be taken only as to parties over whom the court has acquired jurisdiction.

Not only the language of section 998 itself, but general principles of contract law militate against serving a section 998 offer on an insurer. Offers under section 998 are governed by general principles of contract law unless such principles conflict with the statute or defeat its purpose. (*T.M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273, 279-280 [204 Cal.Rptr. 143, 682 P.2d 338].) In *Ward* v. *Superior Court* (1973) 35 Cal.App.3d 67 [110 Cal.Rptr. 501], cited with approval in *T.M. Cobb, supra,* plaintiff served an offer to compromise on defendant simultaneously with her service of the summons and complaint for damages arising from an automobile accident. The offer stated that it was in the amount of the single-person pay limit provided in defendant's " 'policy of insurance with the Automobile Club of Southern California.' " (*Ward, supra,* at p. 68.) Two weeks later, before defendant had responded to the offer, plaintiff's attorney wrote the Automobile Club of Southern California (Auto Club) withdrawing the original offer and tendering a new one in a larger amount. Within 30 days of the original offer defendant, through his attorneys, filed an answer and an acceptance of the original offer.

*Ward* concluded the trial court erred in granting plaintiff's motion to strike defendant's notice of acceptance. "Under familiar contract law, a revocation of an offer must be directed to the offeree. That was not done here. The offer was made to [defendant] personally; the purported revocation was directed to his insurer. But, until [defendant] had taken some affirmative action to designate either the insurer or its attorneys to represent him in the lawsuit, [defendant and defendant only], was the proper addressee of a revocation. [¶] Although [defendant] did have a policy of insurance with the Auto Club, and that fact had in some way come to the knowledge of [plaintiff] or her attorneys, we know of nothing that, as between [defendant and plaintiff], compelled [defendant] to resort to the protection of that policy. [Defendant], had he so desired, could have ignored his insurance carrier and accepted the offer, obligating himself to pay out of other assets the amount demanded." (*Ward* v. *Superior Court, supra,* 35 Cal.App.3d at pp. 69-70.) Even though the letter from plaintiff's attorney to the Auto Club suggested the Auto Club

had some knowledge of the accident and its potential involvement in the resulting lawsuit, ". . . the record is silent as to how that knowledge had been obtained. Nothing before us indicates that [defendant] had involved his carrier prior to the date on which his answer and acceptance were filed in the trial court. (*Id.* at p. 70, fn. 5) How [plaintiff] or her attorneys had discovered the existence of the Auto Club policy is not explained on any record before us or before the trial court. Our personal (but not judicial) knowledge enables us to guess, but that is not evidence." (*Id.* at p. 70, fn. 6.)

The same rationale applies here. The fact that a person has an insurance policy is not a guarantee that the company is obligated under that policy to provide indemnity or even a defense to any specific legal action. (See, e.g., *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 274 [54 Cal.Rptr. 104, 419 P.2d 168]; *State Farm Mut. Auto. Ins. Co.* v. *Longden* (1987) 197 Cal.App.3d 226, 232-234 [242 Cal.Rptr. 726].) Under such circumstances the insurance company is not the insured's agent for purposes of defending or settling the action. To the contrary, it may be the insured's adversary in a potential action for declaratory relief or other cause of action concerning coverage. Even if it does provide a defense, it may be defending under a proper reservation of rights against indemnity. (*Gray* v. *Zurich Insurance Co., supra,* 65 Cal.2d at p. 279.) Until these decisions are made, the plaintiff cannot assume that the insurer is legally obligated to compromise the action against the insured. This is why the Legislature has required in section 998 that the offer be made on the "*party* to the action." (Italics added.)

The judgment is reversed and remanded with directions to deny respondent's motion for benefits under section 998.

Peterson, P. J., and King, J., concurred.