[No. B170367. Second Dist., Div. Five. June 29, 2005.]

PHILLIP ARNO, Plaintiff and Appellant, v.
HELINET CORPORATION et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Discussion, part A. and part C.

COUNSEL

Good, West & Schuetze, Ned Good, Steven Schuetze; Jacobs, Jacobs & Rosenberg, Stanley Jacobs; and Evan D. Marshall for Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet, Jon B. Eisenberg; Bailey & Partners, Carolyn J. Shields, Allan M. Bower and Jonathan S. Morse for Defendants and Appellants.

OPINION

MOSK, J.—

## INTRODUCTION AND BACKGROUND

Plaintiff, appellant and cross-respondent Phillip Arno (Arno) was injured in the crash of a helicopter piloted by defendant, respondent and cross-appellant Kris Kelley (Kelley), operated by Kelley's employer, defendant, respondent and cross-appellant Helinet Corporation (Helinet), and owned by the Purwin Company, a defendant.[1] During discovery, defendants denied Arno's request for admissions concerning causation and liability. Arno also served on defendant Kelley a settlement offer pursuant to Code of Civil Procedure[2] section 998 of $999,999.99. Upon the expiration of that offer, which Kelley did not accept, Arno made an identical section 998 offer to defendant Helinet. Helinet did not accept that settlement offer. Just before the trial, defendants filed, with court permission, an amended answer admitting liability.

Following a trial on the issue of damages, the jury awarded Arno $13,149,099. Arno moved, pursuant to Civil Code section 3291, for $3,505,225.57 in prejudgment interest from the date of the section 998 offer to Kelley, under section 998 for expert witness fees and other costs, and under section 2033, subdivision (o), for $200,675 in attorney fees. The trial court awarded Arno $3,505,226 in prejudgment interest under Civil Code section 3291 and $160,874.75 for expert witness fees and other costs under section 998, but denied Arno's motion for attorney fees under section 2033, subdivision (o). The parties filed this appeal and cross-appeal.

Arno appeals from the denial of his section 2033, subdivision (o) motion to recover $200,675 in attorney fees. Arno contends he was entitled to such fees

---

[1] Arno named another defendant that was dismissed. He filed a separate action against the Purwin Company that was consolidated with this action.

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

because Kelley, Helinet and the Purwin Company, after initially refusing, without reasonable justification, to admit certain facts in request for admissions relating to causation and liability, admitted liability and causation just before the trial. Arno seeks the fees he incurred in obtaining evidence to prove these facts.

Defendants in their cross-appeal challenge the trial court's awards under Civil Code section 3291 of $3,505,226 in prejudgment interest from the date of a section 998 offer and under section 998 of $160,874.75 in expert fees and other costs. They contend that Arno's settlement demand of $999,999.99, to defendant Kelley was not made in good faith. Defendants argue that the interests of their insurer should be considered when assessing the reasonableness of a settlement offer under section 998. Defendants contend that the insurer, which controlled the defenses of both defendants Kelley and Helinet, had nothing to gain by accepting the offer to Kelley because its exposure would not be reduced. Defendants further argue that the applied rate of interest specified in Civil Code section 3291 is unconstitutionally excessive in view of today's market interest rate.

In the published portion of this opinion, we hold that the trial court did not abuse its discretion in determining that Arno's settlement offer to Kelley under section 998 was reasonable and in good faith even though the same insurer had undertaken the defense of all the defendants and the purported liability of Helinet was based in large part on the acts of its agent, Kelley. In the unpublished portion of this opinion, we hold as follows: (1) Arno is not entitled to attorney fees under section 2033, subdivision (o) because defendants' concessions obviated any need to "prove" the matters set forth in Arno's request for admissions, and such proof is a prerequisite to recovery under the statute (§ 2033, subd. (o); *Stull v. Sparrow* (2001) 92 Cal.App.4th 860, 865–866 [112 Cal.Rptr.2d 239] (*Stull*); *Wagy v. Brown* (1994) 24 Cal.App.4th 1, 6 [29 Cal.Rptr.2d 48] (*Wagy*)); and (2) the rate of interest specified in Civil Code section 3291 is not unconstitutionally excessive. We therefore affirm the judgment.

## DISCUSSION

A. *Attorney Fees For Denial of Facts in Request for Admissions**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Expert Witness Fees, Costs and Interest as a Result of Section 998*

Section 998, subdivision (d) provides as follows: "If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable

---

*See footnote, *ante*, page 1019.

judgment or award in any action or proceeding other than an eminent domain action, the court or arbitrator, in its discretion, may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the plaintiff, in addition to plaintiff's costs." Civil Code section 3291 provides, "If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

Kelley argues that she should not be responsible for such fees, costs and interest by virtue of section 998 because Arno did not make the offer in good faith. Kelley contends that when Arno made the statutory offer of settlement only to her, he knew it had no reasonable prospect of acceptance because one insurance company covered all the defendants and controlled the defense; after a settlement with, and dismissal of, Kelley, Arno would be free to pursue and obtain a judgment against Kelley's codefendants for the full amount of the verdict less a set off of the settlement amount or a portion of that settlement amount; and thus, the insurer would have gained nothing by Kelley accepting the offer. According to Kelley, the offer was just a ploy to secure the benefits of section 998 with no legitimate expectation of a settlement. (See *Pineda v. Los Angeles Turf Club, Inc.* (1980) 112 Cal.App.3d 53, 63 [169 Cal.Rptr. 66]; *Wear v. Calderon* (1981) 121 Cal.App.3d 818, 821–822 [175 Cal.Rptr. 566] (*Wear*).)

■ Notwithstanding that section 998 contains no express good faith or reasonable offer component, Courts of Appeal have concluded that "the Legislature intends that only good faith settlement offers qualify as valid offers under section 998." (*Elrod v. Oregon Cummins Diesel, Inc.* (1987) 195 Cal.App.3d 692, 698 [241 Cal.Rptr. 108] (*Elrod*); see *Wear, supra,* 121 Cal.App.3d at p. 821 ["We believe that in order to accomplish the legislative purpose of encouraging settlement of litigation without trial [citation], a good faith requirement must be read into section 998"].) The courts have added that to qualify as a good faith offer, it must be "realistically reasonable under the circumstances of the particular case" and must carry with it some reasonable prospect of acceptance. (*Wear, supra,* 121 Cal.App.3d at p. 821.) "One having no expectation that his or her offer will be accepted will not be allowed to benefit from a no-risk offer made for the sole purpose of later

recovering large expert witness fees." (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1262–1263 [74 Cal.Rptr.2d 607].) Reasonableness depends upon the information available to the parties. (See *Elrod, supra,* 195 Cal.App.3d at p. 699 ["reasonableness of an offer may lie in the eye of its beholder"].)

"If the offer is in a range of reasonably possible results and the offeree has reason to know the offer is reasonable, then the offeree must accept the offer or be liable for costs under Code of Civil Procedure section 998." (*Thompson v. Miller* (2003) 112 Cal.App.4th 327, 339 [4 Cal.Rptr.3d 905].) "[W]hether a section 998 offer was reasonable and made in good faith is a matter left to the sound discretion of the trial court." (*Elrod, supra,* 195 Cal.App.3d at p. 700.) "However, when a party obtains a judgment more favorable than its pretrial offer, it is presumed to have been reasonable and the opposing party bears the burden of showing otherwise." (*Thompson v. Miller, supra,* 112 Cal.App.4th at pp. 338–339.) An appellate court reviewing a section 998 offer may not substitute its opinion for that of the trial court unless there has been a clear abuse of discretion, resulting in a miscarriage of justice. (*Id.* at p. 339.)

Generally, the reasonableness of a section 998 offer is measured by the potential recovery the defendant will have to pay plaintiff premised upon the "information that was known or reasonably should have been known" to the offeror and whether that information "was known or reasonably should have been known" to the offeree. (*Elrod, supra,* 195 Cal.App.3d at p. 699.) When Kelley, in effect, rejected Arno's offer, she did not refer to insurance factors at all. Rather, in objecting to the offer as not being made in good faith, she asserted that at that time she lacked sufficient knowledge of the facts—one of the appropriate "tests." (*Elrod, supra,* 195 Cal.App.3d at p. 699 [offer must satisfy a "second test: whether the defendant's information was known or reasonably should have been known to [the offeree] . . . the section 998 mechanism works only where the offeree has reason to know the offer is a reasonable one"].)

■ The interests of defendants' insurer did not restrict the trial court's discretion. Section 998 provides for service of a pretrial settlement offer to a *party* to the action, not to that party's insurer. (§ 998, subds. (b), (c), (d) & (e).) Service of a section 998 offer on the insurer of a party is not even valid. (*Moffett v. Barclay* (1995) 32 Cal.App.4th 980, 983 [38 Cal.Rptr.2d 546] ["Not only the language of section 998 itself, but general principles of contract law militate against serving a section 998 offer on an insurer"]; see Flahaven et al., Cal. Practice Guide: Personal Injury (The Rutter Group 2004)

§ 4:163.3d, p. 4-51 (Flahaven).) The existence of an insurance policy is not a guarantee that the insurer is obligated under the policy to provide coverage or a defense for a given action. (*Moffett v. Barclay, supra,* 32 Cal.App.4th at p. 984.) Even if the insurer does provide a defense, it may be doing so subject to a reservation of rights against coverage. A plaintiff cannot assume that the insurer is legally obligated to compromise the action or to act as the insured's agent for purposes of settling the action. (*Ibid.*)

Moreover, that Arno's section 998 offer to Kelley did not relieve other defendants of liability or that Helinet might remain liable based on a theory of respondeat superior does not bar recovery under section 998.[7] (See *Milicevich v. Sacramento Medical Center* (1984) 155 Cal.App.3d 997, 1006–1007 [202 Cal.Rptr. 484] [court, in rejecting a "multilateral" reading of the section, said that "[i]f a single defendant tenders a reasonable compromise as a section 998 offer, the measure for assessing mandatory sanctions is the judgment viewed bilaterally between that defendant and the plaintiff"].) Section 998 does not require a plaintiff to make a global settlement offer to all defendants in an action, or to make an offer that resolves all aspects of a case. (See *Deocampo v. Ahn* (2002) 101 Cal.App.4th 758, 777 [125 Cal.Rptr.2d 79].) When multiple defendants have jointly made a settlement offer to a single plaintiff without indicating how the offer is to be allocated among them, it has been held too uncertain to result in section 998 penalties, because it cannot be determined whether any individual plaintiff's recovery at trial was more favorable than the offer. (*Meissner v. Paulson* (1989) 212 Cal.App.3d 785, 790–791 [260 Cal.Rptr. 826]; *Randles v. Lowry* (1970) 4 Cal.App.3d 68, 74 [84 Cal.Rptr. 321]; see *Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 584–586 [11 Cal.Rptr.2d 820].)

█ Although the interests of the insurer may not necessarily be a factor in determining the reasonableness of a 998 offer, that does not mean that the existence of insurance is not a factor for the offeror or the court to consider. Insurance, as other factors, does not preclude judicial discretion as to whether a section 998 offer is in good faith, but may be considered by the trial court in exercising its discretion. Anything that may impact the reasonableness of a section 998 offer may be considered by the trial court. The court in *Culbertson v. R.D. Werner Co., Inc.* (1987) 190 Cal.App.3d 704 [235 Cal.Rptr. 510], in holding that a party is not required to take into consideration liens pending against a judgment that would reduce the ultimate recovery to the plaintiff, said, "This is not to say that the judge may not take such liens into consideration, along with other evidence . . . when *exercising his discretion* to award or deny expert witness fees." (*Id.* at p. 708.)

---

[7] There were claims against Helinet and the other codefendant not based on Kelley's alleged negligence.

Kelley argues that because of the particular circumstances of this case, she and her insurer acted reasonably in rejecting Arno's section 998 offer. But "there is no judicially created reasonable rejection exception to the operation of section 998." (*People ex rel. Lockyer v. Fremont General Corp.* (2001) 89 Cal.App.4th 1260, 1270 [108 Cal.Rptr.2d 127] [rejecting state's contention it could not accept a section 998 offer when it sought injunctive relief and damages for a class of consumers because of conflict with regard to distribution of proceeds among victims].)

There were a number of factors that justify the trial court's discretion in awarding section 998 costs. There was no contention on appeal that the parties were unaware of material facts. The sum is presumed reasonable in view of the recovery. By settling, Kelley could avoid any exposure to her employer. (§ 877.6 [good faith settlement eliminates liability to a codefendant]; *Popejoy v. Hannon* (1951) 37 Cal.2d 159, 173 [231 P.2d 484] [a principal subjected to liability to third persons for agent's tort may seek indemnification against agent].) Even if one took into account the insurer or other defendants, the nonsettling defendants would receive a credit for the settlement amount or a portion of it. (See § 877(a); Civ. Code, §§ 1431, 1431.2.) And dismissing Kelley would result in an "empty chair" situation, which might be desirable for defendants. (See Flahaven, *supra*, § 4:180, p. 4-84.1.)

The trial court concluded that partial settlement and dismissal of one of the parties fulfills the purpose of section 998. That purpose is to encourage settlements "by imposing a strong financial disincentive on a party that fails to obtain a more favorable result at trial." (*People ex rel. Lockyer v. Fremont General Corp., supra,* 89 Cal.App.4th at p. 1271.) That purpose would be frustrated if a party could elude the application of the statute by being able to restrict a trial court's discretion with considerations facing that party's insurer or other codefendants. Notwithstanding any strategies that could be attributed to Arno, the trial court did not abuse its discretion in applying section 998 sanctions in this case.

C. *Prejudgment Interest Under Civil Code Section 3291*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

\*See footnote, *ante,* page 1019.

## DISPOSITION

The judgment is affirmed. The parties will bear their own costs on appeal.

Turner, P. J., and Kriegler, J., concurred.

A petition for a rehearing was denied July 21, 2005, and the petitions of all appellants for review by the Supreme Court were denied October 12, 2005.