Filed 11/6/14  Adoption of Bergna CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Adoption of PETER MATTHEW BERGNA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>        Defendant and Respondent. | H039049<br>(Santa Clara County<br> Super. Ct. No. 1-54-AD-90531) |

Appellant Peter Matthew Bergna filed a request with the Santa Clara County Superior Court "to look at or copy" his adoption file and to receive a certified copy of his original birth certificate.  The trial court denied his request.

On appeal, appellant contends that the trial court erred when it denied his request for his original birth certificate.  He argues that his original birth certificate is a "vital primary source of personal [i]dentification[] necessary to obtain other forms of [i]dentification such as [a] Social Security [c]ard or a Passport."  Appellant's notice of appeal also attaches an order that denies his request to obtain his adoption file, but he does not argue that the court erred when it denied this request.  Therefore, we will not address this issue.

We conclude that the trial court did not abuse its discretion in denying appellant's request for his original birth certificate, and we will affirm the orders.

## FACTS AND PROCEDURAL BACKGROUND

Appellant was born on December 2, 1952. On April 21, 1954, appellant's adoptive parents, Louis and Patricia Bergna, filed a Petition for Adoption in Santa Clara County Superior Court. The petition averred: "That [appellant] was wholly abandoned and deserted by [his] parents without provision for [his] identification or for their identification, or for the identification of either of them; that on the 2nd day of December, 1952, at the approximate hour of 11:30 A.M. said child was turned over and placed in the custody of Louis P. Bergna by [his] mother, in the City and County of San Francisco, State of California, without any provision or means whatsoever being made or left by said mother, or by any other person, for the identification of said child, nor of said parent or parents, or either of them; that at the time of turning said child over to Louis P. Bergna and at a conference before that date, the natural mother of the child represented that the child was illegitimate, and that the mother had and was going to in the future take every step necessary to keep her identification and any association between herself and the child from becoming known." (Capitalization omitted.) Petitioners also averred that "at the time said child was so deserted as aforesaid, it was of the approximate age of one day or thereabouts; [and] that this was made known to [Louis P. Bergna] at the time that the child was turned over to him by oral statements received from the natural mother."

On September 20, 1954, the trial court found that "all the averments contained in the petition . . . are true"; it granted the petition for adoption; and it awarded custody of the infant to Louis and Patricia Bergna. After the adoption was final, the State Department of Public Health issued a Certificate of Adoption.

Louis Bergna died on March 23, 2001, and Patricia Bergna died on April 21, 2012. In or about August 2012, appellant filed a request in Santa Clara County Superior Court

2

to see his adoption file and for an order directing the California Department of Vital Records to send him a certified copy of his original birth certificate. By orders filed on September 21, 2012, the trial court denied appellant's request. This timely appeal ensued. Appellant filed his opening brief on July 15, 2013. Respondent has neither appeared nor filed a respondent's brief in this matter.

## DISCUSSION

### I. *The order denying appellant's request to see his adoption file is appealable.*

As a preliminary matter, we must consider whether the order denying appellant's request for a certified copy of his birth certificate is an appealable order. It is well settled in California that the right to appeal is wholly statutory. (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) California Code of Civil Procedure section 904.1, which codified the " 'one final judgment rule,' " provides the primary statutory basis for appealable orders under California law. (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645.) That section allows for appeals from final judgments in actions, as well as from a number of other specifically enumerated matters (e.g., an appeal may be taken from "an order discharging or refusing to discharge an attachment or granting a right to attach order."). (Code of Civ. Proc., § 904.1, subds. (a)(1), (a)(5).)

The order at issue in this appeal is not a final judgment in an action, nor is it a matter described in any of the other subdivisions of Code of Civil Procedure section 904.1. But, adoptions are considered special proceedings. (*In re Helen J.* (1973) 31 Cal.App.3d 238.) And the California Supreme Court has held that orders in special proceeding are appealable, unless the statute creating the special proceeding prohibits an appeal. (*Knoll v. Davidson* (1974) 12 Cal.3d 335 ["It is still clear today that unless the statute creating the special proceeding prohibits an appeal, there is an appeal from a final judgment entered in a special proceeding"].) An order disclosing the original birth

3

certificate of an adopted child is authorized by section 102705 of the Health and Safety Code. Nothing in that section prohibits an appeal of such an order. Therefore, the order denying appellant's request for his original birth certificate is an appealable order.

## II. *The trial court did not abuse its discretion in denying appellant's request for a certified copy of his original birth certificate.*

Appellant argues that he needs a certified copy of his original birth certificate because it is a "vital primary source of personal [i]dentification[] necessary to obtain other forms of [i]dentification such as [a] Social Security [c]ard or a Passport." He contends, more specifically, that he needs his original birth certificate "for the following reasons: [¶] A. Homeland Security requires said documents as a significant and distinctive form of identification, [¶] B. To acquire a drivers licence's [*sic*] [¶] C. To acquire a Passport [¶] D. To acquire a [m]arriage [license, and] [¶] E. For airport travel in the U.S.A."

Health and Safety Code section 102680 provides that a "new birth certificate" for an adopted minor "shall supplant any birth certificate previously registered for the child *and shall be the only birth certificate open to public inspection*." (Italics added.) However, section 102705 allows courts to order the release of an original birth certificate upon a "verified petition setting forth facts showing the necessity of the order has been presented to the court and good and compelling cause is shown for the granting of the order." (Health & Saf. Code, § 102705.) That section also provides that "[i]f the petition is by or on behalf of an adopted child who has attained majority, these facts shall be given great weight, but the granting of any petition is solely within the sound discretion of the court." (*Id.*) Thus, we review the trial court's order denying appellant's request for a certified copy of his original birth certificate for an abuse of discretion. (See, generally, *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32; see also: *People v. Hoyos* (2007) 41 Cal.4th 872, 898, rehg. den., cert. den. 552 U.S. 1201 (overruled on other

4

grounds by *People v. Black* (2014) 58 Cal.4th 912); *Arno v. Helinet Corp.* (2005) 130 Cal.App.4th 1019, 1025, rehg. den., review den.; *Roberts v. Roberts* (1966) 245 Cal.App.2d 637, 639.)

Statutes governing the disclosure of adoption information set a stringent standard for the release of adoption-related information because the protection of the identity of birth parents is of paramount importance under California law and public policy. Family Code section 9203, for example, prohibits the release of the identity of birth parents to an adopted child who has attained the age of 21, unless the birth parents have given their consent to such disclosure in writing. Disclosure laws such as section 9203 are designed not only to protect birth parents, but also newborns who may be at risk of harm if their birth parents are not assured they may give up their child without the fear of present or future unintended consequences. (See e.g., Health & Saf. Code, § 1255.7 ["safely surrendered" baby law].)

As previously noted, Health and Safety Code section 102705 requires that "good and compelling cause is shown for the granting" of an order releasing an adopted minor's original birth certificate. Notwithstanding appellant's argument to the contrary, we conclude that he does not need his *original* birth certificate to obtain the types of government-issued identification and licenses he references. While he may need *a* birth certificate to obtain these documents, he does not need his *original* birth certificate. Indeed, the statutory scheme that prohibits the disclosure of his original birth certificate provides a procedure by which he can obtain a new birth certificate for his needs. Specifically, Health and Safety Code section 102625 et seq. sets forth a procedure for the creation of a new birth certificate after a child has been adopted, reflecting the information listed on the report of adoption created by the clerk of the court. The State Registrar is also required to create a new certificate of birth upon receipt of the record of adoption, unless the adoptive parents request otherwise (which is not the case here). (Health & Saf. Code, §§ 102635, 102640.)

5

It is unclear from the record before us whether a new birth certificate was ever created for appellant.[1] If appellant needs a new birth certificate to obtain government-issued identification and licenses, the proper remedy is to request the State Registrar to create a new birth certificate based on the certificate of adoption prepared by the State Department of Public Health in 1954. (Health & Saf. Code, § 102635.) But appellant does not need a certified copy of his *original* birth certificate for this purpose. For this reason, the trial court did not abuse its discretion in denying appellant's request.

## DISPOSITION

The orders denying appellant's request to look at or copy his adoption file and to receive a certified copy of his original birth certificate are affirmed.

---

[1] Appellant attached a number of exhibits to his opening brief, including a document from State Vital Records, stating that there is no record of birth for Peter M. Bergna. These exhibits are not properly before this court and cannot be considered because they do not comply with California Rules of Court, rule 8.204, subd. (d). The exhibits exceed 10 pages and appellant has failed to seek permission to include them. Additionally, some of the exhibits do not appear to be part of the record or are not the type of documents authorized by the rules of court to be included in the record.

_____
        Márquez, J.

WE CONCUR:

_____
 Elia, Acting P. J.

_____
 Grover, J.