Filed 1/29/25  Standage v. Bruno CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| SCOTT STANDAGE,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>DIETER BRUNO,<br><br>　　　Defendant and Respondent. | A165207<br><br><br>(San Mateo County<br>Super. Ct. No. 19-CIV-01798) |

　　　This is an appeal from a trial court order requiring an unsuccessful medical malpractice plaintiff, Scott Standage, to pay expert witness costs incurred by defendant Dieter Bruno.  Approximately seven months after plaintiff filed the complaint, defendant made an offer to settle in exchange for dismissal and a waiver of costs and malicious prosecution rights pursuant to Code of Civil Procedure section 998.[1]  Plaintiff let the offer expire without accepting it.  The jury thereafter returned a defense verdict.  After judgment was entered for defendant, the court ordered plaintiff to pay allowable costs, including $16,125 in defendant's expert witness costs, in light of plaintiff's refusal to accept defendant's section 998 offer.

---

　　　[1] Unless otherwise stated, all statutory citations herein are to the Code of Civil Procedure.

1

On appeal, plaintiff contends the trial court's order to pay these expert witness costs was an abuse of discretion because defendant's section 998 offer was invalid, premature and not made in good faith. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2019, plaintiff filed a complaint for damages asserting one cause of action against defendant for medical malpractice. According to the complaint, in or around 2013, defendant, a urologist, misdiagnosed plaintiff's enlarged prostate as a neurogenic bladder. To treat this condition, defendant then negligently advised plaintiff to self-catheterize multiple times each day, which led plaintiff to suffer regular urinary tract infections, bladder stones and kidney stones.

The complaint further alleged defendant, who treated plaintiff until the end of 2017, performed two procedures to remove bladder stones before recommending that plaintiff undergo "a surgical revision and remodeling of the bladder." Plaintiff, hesitant to do this major surgery, obtained a second opinion. Plaintiff's new physician diagnosed plaintiff with an enlarged prostate, which he successfully resolved by performing a "transurethral resection of the prostate." The complaint thus sought damages on the theory that defendant's negligent misdiagnosis and treatment caused plaintiff to experience unnecessary pain and suffering.

Trial was initially set for June 22, 2020, and the parties proceeded with written discovery and disclosures of expert witnesses. On September 10, 2019, the trial court entered a stipulation and order formalizing the parties' agreement to submit all claims to mediation, which was scheduled for December 4, 2019. Prior to this mediation, on October 28, 2019, defendant served plaintiff with an offer to compromise pursuant to section 998. In this offer, defendant agreed to, "in exchange for a dismissal with prejudice of this

2

defendant, waive any claim for costs or right to proceed with any action for malicious prosecution," with the parties to bear their own costs and attorney's fees. An attached letter warned plaintiff: "Should this case proceed through trial, I anticipate that defendants' total costs and expert witness fees will exceed $10,000.00. We will pursue these costs and expert fees which are available through Code of Civil Procedure Section 998(c) in a post-trial motion following a defense verdict." Plaintiff let the offer expire without responding.

On December 4, 2019, defendant and his counsel appeared for the scheduled mediation. However, they were told by the mediator that plaintiff had given notice he would not attend.[2]

Defense counsel subsequently made three additional offers to settle the case on the same terms, to wit, plaintiff's dismissal in exchange for defendant's waiver of costs: (1) on December 28, 2021, after the deposition of defense expert Dr. Christopher Elliot; (2) on January 21, 2022, at the mandatory settlement conference; and (3) on January 31, 2022, after a hearing on motions in limine. Each time, plaintiff declined.

Trial eventually began February 16, 2022, and concluded on February 22, 2022. After deliberating for less than two hours, the jury returned a defense verdict. Thus, on March 21, 2022, judgment was entered in favor of defendant.

On March 25, 2022, defendant filed a memorandum of costs seeking to recover $37,412.79. On April 8, 2022, plaintiff moved to strike or tax

---

[2] Plaintiff attested that the mediator told him in their initial phone call that defendant had indicated he would not consent to a settlement. Plaintiff therefore decided "continuing the mediation would be futile."

defendant's memorandum of costs, arguing, inter alia, that the section 998 offer was invalid, premature, and not made in good faith.

On July 25, 2022, the court denied plaintiff's motion to strike with the exception of $3,522.60, reflecting a miscalculation of defendant's e-filing fees. Accordingly, the court ordered plaintiff to pay a revised total of $33,890.19, which included defendant's expert witness costs of $16,125. Plaintiff timely appealed this order.

## DISCUSSION

Plaintiff contends the trial court erred by ordering him to pay defendant's expert witness costs because defendant's pretrial offer of settlement pursuant to section 998 was invalid, unreasonably premature and made in bad faith.

## I. *The section 998 offer was valid.*

According to plaintiff, the section 998 offer was invalid because its manner of acceptance did not strictly comply with the provisions of the statute. Plaintiff's contention raises a legal issue reviewed de novo. (*Puerta v. Torres* (2011) 195 Cal.App.4th 1267, 1271.)

Section 998, subdivision (b) provides in relevant part: "The written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted. Any acceptance of the offer, whether made on the document containing the offer or on a separate document of acceptance, shall be in writing and shall be signed by counsel for the accepting party or, if not represented by counsel, by the accepting party. [¶] (1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly."

Here, the section 998 offer provided as follows:

"PLEASE TAKE NOTICE that defendant, PENINSULA UROLOGY CENTER, INC., offers to compromise this action under California Code of Civil Procedure §998 on the following terms and conditions: that this defendant will, in exchange for a dismissal with prejudice of this defendant, waive any claim for costs or right to proceed with any action for malicious prosecution and that parties to this Offer to Compromise bear their own costs and attorney's fees. This Offer to Compromise shall remain open pursuant to Code of Civil Procedure §998(b)(2).

"If a dismissal with prejudice is not filed by the date this offer expires and plaintiff does not thereafter obtain a more favorable judgment for monetary damage against this defendant at trial, please take notice that this defendant intends to seek all expert witness fees and costs of suit, pursuant to California Code of Civil Procedure §998(c)(1) and (d), as well as other trial and legal costs from the plaintiff pursuant to Code of Civil Procedure §§1031 and 1032."

In accordance with section 998, subdivision (b), the section 998 offer included the following statement for plaintiff to sign to indicate his acceptance: "Plaintiff, SCOTT STANDAGE, hereby accepts defendant PENINSULA UROLOGY CENTER, INC.'s Code of Civil Procedure §998 Offer to Compromise and shall dismiss defendant PENINSULA UROLOGY CENTER, INC., from this action, with prejudice, in exchange for defendant's agreement to waive any claim for costs or right to proceed with any action for malicious prosecution with each side to this agreement to bear their own costs and attorney's fees." As stated *ante*, plaintiff declined to sign this acceptance statement and the section 998 offer expired. (See § 998, subd.

5

(b)(2) ["If the offer is not accepted prior to trial or arbitration or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn"].)

Plaintiff now contends the section 998 offer was invalid because it required him to file a dismissal with prejudice as the "means of acceptance" rather than simply to sign the acceptance statement. This argument fails several times over.

Plaintiff implicitly concedes the acceptance statement in the section 998 offer complied with the statute's requirement of "a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." (§ 998, subd. (b).) Instead, plaintiff's challenge is based on the language in the offer itself stating, "If a dismissal with prejudice is not filed by the date this offer expires and plaintiff does not thereafter obtain a more favorable judgment for monetary damage against this defendant at trial, please take notice that this defendant intends to seek all expert witness fees and costs of suit . . . ." According to plaintiff, "instead of requiring proof of acceptance be filed with the Court as provided for in the statute, and then allow[ing] the clerk or the judge to enter judgment, Defendant's offer indicated that the only way that Plaintiff could accept the offer was to have a dismissal with prejudice filed within 30 days. [Citation.] That is contradictory to the express terms of the statute, and thus makes the offer invalid and incapable of shifting costs." (Italics omitted.)

Plaintiff provides no authority to support this argument. Instead, he relies on cases holding that an offer is invalid if it does not include the acceptance statement required by section 998, subdivision (b). (E.g., *Perez v. Torres* (2012) 206 Cal.App.4th 418, 424 ["The plain language of the statute requires *all* offers to contain an acceptance provision"]; *Mostafavi Law Group, APC v. Larry Rabineau, APC* (2021) 61 Cal.App.5th 614, 622.)

Because our section 998 offer undisputedly contained an acceptance statement, these cases are inapposite.

Defendant's authority, on the other hand, undermines plaintiff's argument. For example, in *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899 (*Goodstein*), the defendant made a section 998 offer that, similarly to here, required the plaintiff to obtain " 'entry of a Request for Dismissal with prejudice on behalf of the Plaintiff [appellant] in favor of [the defendant],' " among other things, in exchange for the sum of $150,000. The plaintiff argued on appeal this acceptance term was invalid because it failed to comply with the requirement under section 998, subdivision (b)(1) that " 'the clerk or the judge shall enter judgment accordingly.' " (*Goodstein*, at p. 905.)

The *Goodstein* court disagreed: "The distinctions set up by appellant are not tenable, and he offers no authority to support his argument, which is premised on the claim that a compromise settlement under . . . section 998 can never include an agreement for a voluntary dismissal or release." (*Goodstein, supra*, 27 Cal.App.4th at p. 905.) The court went on to explain: "The word 'judgment' in . . . section 998 indicates that the statute contemplates that an offer to compromise which is accepted will result in the final disposition of the underlying lawsuit; the statute does not indicate any intent to limit the terms of the compromise settlement or the type of final disposition. The acceptance of the instant compromise agreement calling for a voluntary dismissal with prejudice would have finally disposed of the complaint as effectively (see Code Civ. Proc., § 581d) as one calling for entry of judgment in favor of plaintiff. [¶] In light of the foregoing, we conclude that the instant offer to compromise meets the requirements of subdivision (b) of . . . section 998." (*Id.* at p. 906.)

7

*Goodstein* is on point. (Accord, *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 195–196 (*Chinn*), partially overruled on other grounds in *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1156 (*DeSaulles*); *DeSaulles*, at p. 1155; *Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1260 (*Wohlgemuth*).)[3] Following *Goodstein*, we thus reject plaintiff's attempt to invalidate the section 998 offer solely because it required him to file a dismissal with prejudice before the offer expired in addition to signing the acceptance statement required under section 998, subdivision (b). As *Goodstein* explained, "acceptance of [an offer] calling for a voluntary dismissal with prejudice would have finally disposed of the complaint as effectively [citation] as one calling for entry of judgment in favor of plaintiff. [¶] In light of the

---

[3] Plaintiff unsuccessfully tries to distinguish defendant's authority. Plaintiff acknowledges several cases cited by defendant hold that "an offer could require the case be resolved through dismissal instead of a judgment," citing *Chinn, supra*, 166 Cal.App.4th at pages 195–196; *DeSaulles, supra*, 62 Cal.4th at page 1155; and *Wohlgemuth, supra*, 207 Cal.App.4th at page 1260. Yet, plaintiff argues the section 998 offer here is invalid because it "require[d] dismissal [to] be entered to accept the offer." According to plaintiff: "There is no case in California holding that a § 998 offer can require acceptance in any manner other than 'by signing a statement that the offer is accepted.'" Plaintiff's distinction is unconvincing. The section 998 offer did require plaintiff to sign the acceptance statement in order to accept the offer. Specifically, this statement provided: "Plaintiff . . . *hereby accepts [defendant's] §998 Offer to Compromise and shall dismiss defendant* . . . from this action, with prejudice, in exchange for defendant's agreement to waive any claim for costs or right to proceed with any action for malicious prosecution . . . ." (Italics added.) Thus, plaintiff's promise to dismiss defendant from the action within 30 days was simply one of the terms of the section 998 offer that plaintiff would have agreed to had he signed the acceptance statement. Such term is permissible. (E.g., *DeSaulles*, at p. 1155 ["Although the acceptance of a section 998 offer leads to the entry of a judgment (§ 998, subd. (b)(1)), a section 998 offer may also require the plaintiff to dismiss the action as a condition of settlement"].)

foregoing, we conclude that the instant offer to compromise meets the requirements of subdivision (b) of . . . section 998." (*Goodstein*, at p. 906.) Plaintiff's validity argument thus fails.

## II. *The section 998 offer was made in good faith with a reasonable chance of acceptance.*

Plaintiff also claims the trial court erred by ordering him to pay expert witness costs because the section 998 offer was unreasonably premature and not made in good faith. We disagree.

Whether a section 998 offer was " 'reasonable and made in good faith is a matter left to the sound discretion of the trial court.' [Citation.] 'However, when a party obtains a judgment more favorable than its pretrial offer, it is presumed to have been reasonable and the opposing party bears the burden of showing otherwise.' [Citation.] An appellate court reviewing a section 998 offer may not substitute its opinion for that of the trial court unless there has been a clear abuse of discretion, resulting in a miscarriage of justice." (*Arno v. Helinet Corp.* (2005) 130 Cal.App.4th 1019, 1025 (*Arno*).)

"Notwithstanding that section 998 contains no express good faith or reasonable offer component, Courts of Appeal have concluded that 'the Legislature intends that only good faith settlement offers qualify as valid offers under section 998.' [Citations.] The courts have added that to qualify as a good faith offer, it must be 'realistically reasonable under the circumstances of the particular case' and must carry with it some reasonable prospect of acceptance. [Citation.] 'One having no expectation that his or her offer will be accepted will not be allowed to benefit from a no-risk offer made for the sole purpose of later recovering large expert witness fees.' [Citation.] Reasonableness depends upon the information available to the parties." (*Arno, supra*, 130 Cal.App.4th at pp. 1024–1025; see *Wear v. Calderon* (1981) 121 Cal.App.3d 818, 821.)

" 'If the offer is in a range of reasonably possible results and the offeree has reason to know the offer is reasonable, then the offeree must accept the offer or be liable for costs under . . . section 998.' . . . [¶] Generally, the reasonableness of a section 998 offer is measured by the potential recovery the defendant will have to pay plaintiff premised upon the 'information that was known or reasonably should have been known' to the offeror and whether that information 'was known or reasonably should have been known' to the offeree." (*Arno, supra*, 130 Cal.App.4th at p. 1025.)

Here, plaintiff has not met his burden to prove the section 998 offer was made in bad faith or was outside the range of reasonably possible results given the information that was known or reasonably should have been known to him. (*Arno, supra*, 130 Cal.App.4th at p. 1025; *Licudine v. Cedars-Sinai Medical Center* (2019) 30 Cal.App.5th 918, 926.) While plaintiff argues that defendant served the section 998 offer at the "outset of the litigation," giving him "no opportunity to 'intelligently evaluate the offer,' " the record shows otherwise.

Specifically, plaintiff filed this lawsuit on March 28, 2019. In his complaint, plaintiff alleged that he previously served defendant with a 90-day notice of intent to sue in compliance with section 364. The purpose of such notice is to provide the parties a reasonable opportunity to evaluate and resolve potential claims without resort to litigation. (*Lopez v. American Medical Response West* (2023) 89 Cal.App.5th 336, 342; see § 364, subd. (b) [the notice "shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered"].)

10

Defendant then filed his answer on April 25, 2019. The trial court set the initial trial date as June 22, 2020, and the parties proceeded with written discovery.

On September 6, 2019, the parties signed and filed a stipulation to enter into voluntary mediation. Four days later, on September 10, 2019, the trial court accepted the stipulation and entered an order setting the mediation for December 4, 2019. Thus, by the time defendant served the section 998 offer on October 28, 2019, seven months after the lawsuit began and about eight months before the initial trial date, the parties had exchanged written discovery, disclosed expert witnesses, and were preparing for mediation.

Given this flurry of litigation activity, it was incumbent on plaintiff, the party with the burden of proof, to provide us with specific facts, with citations to the record, demonstrating his inability to meaningfully and intelligently evaluate the section 998 offer. Plaintiff did not do so.[4] (Cf. *Covert v. FCA USA, LLC* (2022) 73 Cal.App.5th 821, 842 (*Covert*) [trial court abused its discretion by failing to consider whether a § 998 offer served just 63 days after the complaint was filed was unreasonable when the record proved the offer was made prior to adequate discovery on key issues].)

Nor does plaintiff acknowledge the litigation activity after the section 998 offer expired that provides additional support for its reasonableness. For example, after serving the section 998 offer in October 2019, defense counsel

---

[4] Plaintiff asserts, without record citation, that "only Dr. Bruno's testimony could indicate what he considered and what judgment he exercised," yet, when the section 998 offer was made, "[p]laintiff only had the medical records, which indicated that Dr. Bruno timely identified the prostrate problem and then failed to provide treatment . . . ." We decline to consider assertions lacking record support.

made three subsequent offers to settle the matter on the same terms, to wit, for plaintiff's dismissal in exchange for defendant's waiver of costs. These offers occurred: (1) on December 28, 2021, after the deposition of defense expert Dr. Christopher Elliot; (2) on January 21, 2022, during the mandatory settlement conference; and (3) on January 31, 2022, following a hearing on the parties' motions in limine. Each time, plaintiff refused. The return of a defense verdict by the jury on February 22, 2022, after less than two hours of deliberation proves defendant correctly stood his ground.

We agree with defendant that *Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258 (*Jones*) is persuasive. Similar to this case, *Jones* was a medical malpractice case in which the defendant's section 998 offer consisted of a waiver of costs. (*Jones*, at pp. 1261–1262.) After the jury returned a defense verdict and the court awarded the defendant expert witness costs, the plaintiff appealed, claiming this award was an abuse of discretion because the section 998 offer "was not a reasonable offer, but rather a token, tactical one made only to preserve the right to later claim these disputed costs." (*Jones*, at p. 1262.)

The *Jones* court rejected the plaintiff's argument, reasoning: "We find no abuse here in the trial court's making a discretionary award of expert witness fees. Facially, respondent's offer carried a significant value to appellants because, if accepted, it would have eliminated appellants' exposure to the very costs which are the subject of this appeal, a sum appellants can hardly claim now to be de minimis. We are not obliged to ignore the reality that respondent prevailed at trial. In fact, the trial result itself constitutes prima facie evidence that the offer was reasonable, and the burden of proving an abuse of discretion is on appellants, as offerees, to prove otherwise. [Citation.] [¶] Appellants have failed to overcome the presumption

12

of reasonableness by references to the record." (*Jones, supra*, 63 Cal.App.4th at p. 1264.)

We draw the same conclusions here. Defendant's offer to waive costs likewise carried significant value to plaintiff. Indeed, the letter from defense counsel that accompanied the section 998 offer warned plaintiff of exactly what would—and did—happen once the jury returned a defense verdict: Defendant's total costs and expert witness fees would exceed $10,000 and be pursued in a posttrial motion pursuant to section 998, subdivision (c). Under these circumstances, plaintiff has not overcome the presumption that the section 998 offer was reasonable. (*Jones, supra*, 63 Cal.App.4th at p. 1264.)

Finally, plaintiff claims the trial court committed a "per se abuse of discretion" by "allow[ing] the expert costs based only upon Defendant prevailing, and not based upon whether the offer was made in good faith and had a prospect of being accepted . . . ." Plaintiff relies on the following comments by the trial court at the conclusion of the hearing on the motion to tax costs: "[W]hen one is successful in their jury trial as the defendant was, there—the—the consequences are exactly what happens here. . . . [T]he case came in about as good as it could come in, in my opinion, but the jury spoke. And, with that, I think those are the consequences of trial. I don't think it's a chilling effect." We decline to assume, based on nothing more than these isolated, ambiguous comments, that the trial court was unaware of or failed to follow the applicable law. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 780 [trial court is presumed to have been aware of and followed the applicable law].)

Accordingly, for the reasons stated, we conclude plaintiff has not established a clear abuse of discretion that would justify reversing the trial

13

court's finding that the section 998 offer was reasonable and made in good faith.  (*Covert, supra,* 73 Cal.App.5th at p. 834.)  The cost award thus stands.

## DISPOSITION

The order denying plaintiff's motion to tax costs except for a miscalculation relating to e-filing fees, and awarding defendant a total of $33,890.19, including $16,125 in expert witness costs, is affirmed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Burns, J.

A165207/*Standage v. Bruno*