Filed 2/10/16  Kling v. Hassid CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANTHONY N. KLING et al., | B263582 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. SC098810) |
| v. | |
| JOSEPH HASSID et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Allan J. Goodman, Judge.  Affirmed.

Kling Law Firm, Anthony N. Kling; Law Offices of David C. Knieriem, David C. Knieriem, pro hac vice; Law Offices of Allen Hyman and Allen Hyman for Plaintiffs and Appellants.

Raiskin & Revitz, Steven J. Revitz for Defendants and Respondents Joseph Hassid, Santa Monica Investments, LLC and Bay Cities Discount Kitchen and Appliances, Inc.

Jampol Zimet, Marc J. Zimet, Jose R. Gonzalez for Defendant and Respondent Arrow Concrete Cutting, Inc.

# INTRODUCTION

Plaintiffs and appellants[1] appeal from the trial court's order denying their motions to tax costs and granting expert witness fees as costs in favor of defendants and respondents.[2] Defendants contend that the Code of Civil Procedure section 998 (section 998) settlement offers upon which the challenged cost award was based were legally deficient because those offers were made to multiple plaintiffs. According to plaintiffs, because there was not a unity of interest between and among them, offers should have been made to each plaintiff individually.

We hold that because there was a sufficient unity of interest between and among plaintiffs, the trial court correctly concluded that the section 998 offers were valid and supported the award of expert witness fees as costs. We therefore affirm the order denying plaintiffs' motions to tax costs and granting expert witness fees as cost.

---

[1]     The original complaint filed in 2008 named as plaintiffs Anthony N. Kling, individually and as Trustee of the Anthony N. Kling Trust of 1997; Mary J. Kling as Trustee of the Family Trust Under the Heywood F. and Mary J. Kling Living Revocable Trust Dated July 28, 1987 and Kling Corporation, a California Corporation. In May 2013, the trial court granted plaintiffs' motion to add 3123 SMB, LLC as a new party plaintiff.

[2]     Defendants are Joseph Hassid, Santa Monica Investments, LLC, Bay Cities Discount Kitchen and Appliances, Inc., and Arrow Concrete Cutting, Inc.

PROCEDURAL BACKGROUND

A. Complaint

In 2008, the original plaintiffs[3] filed a complaint against defendants. The complaint asserted causes of action on behalf of all plaintiffs for statutory liability under Civil Code section 832, negligence, and nuisance abatement. Each cause of action sought the same damages on behalf of all of the named plaintiffs and the complaint did not request that damages be apportioned between or among the named plaintiffs. Specifically, the complaint sought damages on behalf of all named plaintiffs as follows: "By reason of the premises and as a proximate result thereof, [p]laintiffs have incurred expenses for testing, repairs, engineering and related expenses, all to their damage according to proof. Plaintiffs are informed and believe and thereon allege that as a proximate result of the herein above described damages, [p]laintiffs will be required to incur additional engineering, construction, planning, permitting, licensing, architectural, and demolition expenses, the exact amount of which is unknown and [p]laintiffs will ask leave to amend this [c]omplaint to insert the amount of such expenses when ascertained. [¶] As a further and proximate result of the damages herein above described, [p]laintiffs were prevented from utilizing the Kling property and continue to be prevented from making full use thereof, and will for a period in the future continue to lose the use of the property for business and commercial purposes which has and will result in economic

---

**3** As noted, the trial court granted plaintiffs' motion to add 3123 SMB, LLC as a new party plaintiff. The trial court's order provided: "Plaintiffs' [m]otion is granted with the restriction that the new party plaintiff, 3123 SMB, LLC shall not assert any previously dismissed claims against any defendant. [¶] Plaintiffs shall file and serve a revised [a]mendment to [c]omplaint on or before May 22, 2013, in which it is stated what claims 3123 SMB, LLC has against which defendants and whether any of the original plaintiffs has any [remaining] claims, and if so, the nature of each claim of the original plaintiffs. The [c]ourt further orders that the [a]mendment is to identify with specificity the operative complaint, including its filing date, and plaintiffs are to state with specificity that 3123 SMB, LLC is being added as a new plaintiff." The record on appeal, however, does not contain the amendment to the complaint referenced in the trial court's order.

damages to [p]laintiffs and each of them in an amount which is currently not known." The prayer for judgment sought on behalf of each named plaintiff, "[g]eneral damages in an amount according to proof plus interest at the highest legal rate from judgment; Loss of use and earning according to proof plus interest from the date of such loss at the highest legal rate; . . . property damages including repair, demolition and other related economic losses plus interest from the commencement of construction at the highest legal rate."

### B. Section 998 Offers

On April 1, 2011, defendant Arrow Concrete Cutting, Inc. served on plaintiffs a lump sum $10,000 offer to settle the action against it under section 998. In an undated document, defendants Santa Monica Investments, LLC, Arrow Concrete Cutting, Inc., and other defendants not involved in this appeal served a lump sum $50,000 offer to settle the action against them under section 998. On April 6, 2011, defendants Santa Monica Investments, LLC, Arrow Concrete Cutting, Inc., and a third defendant not involved in this appeal served a lump sum $50,000 offer to settle the action against them under section 998.

### C. Dismissal Order and Judgment

In November 2014, the trial court entered an order dismissing plaintiffs' amended complaint. That order provided: "IT IS HEREBY ORDERED that because trial did not commence before the expiration of the statutory five-year period as set forth in Code of Civil Procedure section 583.310, and because no exceptions set forth in Code of Civil Procedure section 583.340 exist in the present case, the [m]otions to [d]ismiss are hereby granted pursuant to Code of Civil Procedure section 583.360. The defaults entered as to [d]efendants Caro Jolfaie Minas and Applied Earth Sciences are hereby set aside and [p]laintiffs' [a]mended [c]omplaint is hereby dismissed with prejudice." Based on that order, the trial court entered a judgment of dismissal with prejudice in favor of defendants and others.

4

**D.     Cost Bills and Motions to Tax**

Following entry of judgment, defendants filed their respective cost bills seeking, inter alia, expert witness fees pursuant to section 998.  In response, plaintiffs filed motions to tax costs, but did not argue that the section 998 offers were defective because they were directed to all plaintiffs.  Defendants filed oppositions to the motions to tax costs, raising certain procedural defects in the motions and arguing that the requested expert witness fees were authorized because valid and enforceable section 998 offers had been served.  In their reply briefs, plaintiffs argued for the first time that the section 998 offers were defective because they were not made to each individual plaintiff.

In January 2015, the trial court held a hearing on the motions to tax costs and, after argument, took the matter under submission.  The next day, the trial court issued a minute order denying the motions.  On the issue of whether the section 998 offers were defective because they were not made to plaintiffs individually, the trial court ruled that "[plaintiff] 3123 SMB, LLC's objections to it being jointly and severally liable for the costs awarded is overruled as it entered the action as successor in interest to another plaintiff and joined in the operative complaint without separating itself in any manner, viz., each cause of action is alleged by all plaintiffs.  [¶] . . . [¶]  The plaintiffs' claim that the 998 offers were improperly made is not supported by the authorities presented by plaintiffs and is otherwise without merit."

In February 2015, the trial court issued a formal order denying the motions to tax costs.  Notice of entry of that order was served on April 2, 2015, and plaintiffs filed their notice of appeal from that order on April 20, 2015.

**DISCUSSION**

**A.     Standard of Review**

"In reviewing a trial court's award of costs pursuant to section 998, the appropriate standard of review is abuse of discretion.  (*Najera v. Huerta* (2011) 191 Cal.App.4th 872, 877 [119 Cal.Rptr.3d 714].)  The party appealing the trial court's decision to award costs

5

bears the burden "'to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." [Citations.]' (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)  To meet its burden, a complaining party must therefore show that the trial court exercised its discretion in an 'arbitrary, capricious or patently absurd manner.' (*Najera*, at p. 877.)" (*Adams v. Ford Motor Co.* (2011) 199 Cal.App.4th 1475, 1482.)

But, we review de novo the trial court's award of expert witness costs under section 998 when the facts are undisputed and the issue involves the application of section 998 to those facts.  (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 797 ["[T]he issue here is the application of section 998 to an undisputed set of facts.  That issue is one of law, which we review de novo"]; *Bihun v. AT&T Information Systems, Inc.* (1993) 13 Cal.App.4th 976, 999 ["[I]n the present case the relevant facts are undisputed. . . . Thus, the case raises a pure question of law involving the interpretation and applicability of . . . Code of Civil Procedure section 998"].)

### B.    Legal Principles

"Section 998 allows for any party in a civil suit to serve a settlement offer [on] any other party before the commencement of trial.  (Fn. omitted.)  Section 998, subdivision (c)(1) provides that '[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer.  In addition, . . . the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses . . . actually incurred and reasonably necessary in . . . preparation for trial or arbitration . . . of the case by the defendant.' (Fn. omitted.)" (*Adams v. Ford Motor Co., supra,* 199 Cal.App.4th at pp. 1482-1483.)

As a general rule, a single, indivisible offer made to more than one plaintiff is not considered valid under section 998 because it would require the plaintiff offerees to agree

6

to a division of the settlement proceeds or to an allocation of those proceeds to the various causes of action in issue. (*Meissner v. Paulson* (1989) 212 Cal.App.3d 785, 791 (*Meissner*) ["only an offer made to a single plaintiff, without need for allocation or acceptance by other plaintiffs, qualifies as a valid offer under section 998"].)

"Nevertheless, there is an exception to this general rule. Where there is more than one plaintiff, a defendant may still extend a single joint offer if the separate plaintiffs have a '"unity of interest such that there is a single, indivisible injury."' (*Peterson v. John Crane, Inc.* (2007) 154 Cal.App.4th 498, 505 [65 Cal.Rptr.3d 185].) . . . [¶] Generally, where courts have required apportionment of a section 998 offer made to multiple plaintiffs, the offerees have either had different causes of action against the offeror or the potential for separate verdicts and varying recoveries on a single cause of action. (Cf. *Menees v. Andrews* (2004) 122 Cal.App.4th 1540 [19 Cal.Rptr.3d 664]; *Meissner*[, *supra,*] 212 Cal.App.3d 785 [260 Cal. Rptr. 826] . . .; *Randles v. Lowry* (1970) 4 Cal.App.3d 68 [84 Cal.Rptr. 321].) As noted by the court in *Meissner*, such an offer inherently necessitates agreement between the plaintiffs as to apportionment between them. (*Meissner, supra*, 212 Cal.App.3d at p. 791.)" (*McDaniel v. Asuncion* (2013) 214 Cal.App.4th 1201, 1206.)

### C.    Analysis

The offers in this case were lump sum offers that did not differentiate between and among plaintiffs or their various causes of action. But, as explained above, each of the three causes of action asserted in the complaint was asserted by all plaintiffs and the damages sought by plaintiffs were all the same. Thus, as pleaded, the action did not present the potential for separate verdicts or varying recoveries on any cause of action. If the allegations of the complaint were proved at trial, the damage award for each plaintiff would have been the same. As the trial court noted, 3123 SMB, LLC was added as a successor in interest to another plaintiff. It did not assert any new or different claims than those already asserted in the complaint and instead "it joined in the operative complaint without separating itself in any manner, viz., each cause of action [was] alleged by all

7

plaintiffs." The trial court therefore correctly concluded that because there was a sufficient unity of interest between and among the plaintiffs, the section 998 offers were valid and enforceable.

## DISPOSITION

The order denying plaintiffs' motions to tax the expert witness fees costs and awarding those costs is affirmed. Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

KRIEGLER, Acting P. J.

BAKER, J.

---

[*] Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.