Filed 12/17/13  Ins. Co. of Pennsylvania v. Internat. Assn. of Plumbing et. al. CA4.1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>INTERNATIONAL ASSOCIATION OF PLUMBING AND MECHANICAL OFFICIAL, RESEARCH & TESTING et al.,<br><br>    Defendants and Respondents. | D062050<br><br><br>(Super. Ct. No. GIC879718) |

APPEAL from an order of the Superior Court of San Diego County, Lisa C. Schall, Judge.  Affirmed.

Greenberg Traurig, William J. Goines and Alice Y. Chu, for Plaintiff and Appellant.

Neil, Dymott, Frank, McFall & Trexler, Clark R. Hudson and David P. Burke, for Defendants and Respondents.

Insurance Company of the State of Pennsylvania (ISOP), assignee of plaintiff Treo@Kettner Homeowners Association (HOA), appeals an order denying HOA's motion to tax costs. The motion asked the court to reduce the award of expert witness fees granted under Code of Civil Procedure section 998, subdivision (c)(1),[1] to International Association of Plumbing and Mechanical Official, Research & Testing (IAPMO). ISOP argues that awarding IAPMO payment for all of its expert witness fees incurred since the suit was filed exceeds the scope of the statutory language: "actually incurred and reasonably necessary in . . . preparation for trial . . . or during trial." (§ 998, (c)(1).) ISOP, however, has not shown any statutory misinterpretation. Because the statute gives trial courts discretion in awarding expert witness fees and case law supports a broad view of what is reasonably necessary in preparation for trial, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2007 HOA filed a construction defect action against the condominium developer and numerous other defendants involved in the construction. HOA claimed IAPMO negligently "tested, inspected, approved and/or certified" the cast iron waste lines used in the construction of Treo@Kettner project. In August 2011 IAPMO served ISOP with an offer to compromise in exchange for a waiver of costs and relinquishment of a malicious prosecution action. ISOP did not accept the offer, and in February 2012 a jury found IAPMO was not negligent.

---

[1]      Further statutory references are to the Code of Civil Procedure.

2

IAPMO filed a memorandum of costs that included expert witness fees of $75,674.75. ISOP filed a motion to tax costs, asking the court to reduce ordinary witness fees, expert witness fees, and photocopying charges. IAPMO filed an opposition to ISOP's motion to tax costs, and ISOP filed a reply. After a hearing on May 10, 2012, the court issued a minute order denying ISOP's motion to disallow any portion of the expert witness fees.[2] ISOP appealed, arguing the trial court erroneously interpreted section 998.

DISCUSSION

ISOP tries to assert a challenge to the trial court's interpretation of section 998, which would require us to independently review the matter. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) ISOP urges that the court failed to properly interpret the limitation of section 998 fees to those "actually incurred and reasonably necessary in . . . preparation for trial." What ISOP fails to do, however, is make any showing that the court misinterpreted the statute.

In the May 10, 2012, hearing on the matter, the court expressly stated, "I think [IAPMO] made a sufficient showing in the reply to the oppo[sition] that these expert expenses were directly related and necessary for preparation for trial." The court further explained:

> "I think it would be absolutely incumbent upon [IAPMO] under that fact pattern to go to great lengths in having their experts prepare as they did so in this trial. Their expenses in this matter, I think, were reasonable in light of what they were facing in the way of testimony, particularly from Mr. Ivey, who was your key witness in this matter.

---

[2] The court made adjustments to the ordinary witness fees and photocopying charges, but the details are omitted since they are not relevant to this appeal.

3

I think for them to do less than that, I think they would have fallen short in representing their client's interest. [¶] So I think that the balance of making sure that there is not a piling on of unnecessary expert preparation is one thing, but in this case I am satisfied that there clearly was none of that. I think it was absolutely necessary for the defense in this case."

The court articulated an understanding of what section 998 allows and explained its application. We see no evidence of misinterpretation. It seems ISOP is actually arguing that the court abused its discretion in determining what was necessary in preparation for trial. The standard of review for expert witness fees awarded under section 998 is ordinarily abuse of discretion. (*Bates v. Presbyterian Intercommunity Hospital, Inc.* (2012) 204 Cal.App.4th 210, 221; *Adams v. Ford Motor Co.* (2011) 199 Cal.App.4th 1475, 1482.) "The trial court was in a far better position, having heard the entire case and observed the demeanor of witnesses, to exercise this discretion and determine what was a reasonable amount and what was reasonably necessary." (*Huber, Hunt & Nichols, Inc. v. Moore* (1977) 67 Cal.App.3d. 278, 315.)

The burden is on the appellant to establish an abuse of discretion, and "unless a clear case of abuse is shown along with a miscarriage of justice, a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." (*Najera v. Huerta* (2011) 191 Cal.App.4th 872, 877; see also *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 136.) ISOP, however, did not include any particular errors in its opening brief for us to evaluate. ISOP included some specifics of costs to exclude in its reply brief, but it was too late to do so. An appellant "abandons an issue by failing to raise it in the opening brief." (*H.N. & Frances C. Berger Foundation v. City of*

4

*Escondido* (2005) 127 Cal.App.4th 1, 15.) " 'Obvious considerations of fairness in argument demand that the appellant present all of his or her points in the opening brief.' " (*SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 573, fn. 18.)

Even without abandonment, we would find against ISOP.  The record contains a memorandum of costs, a motion to tax costs with points and authorities, an opposition to the motion to tax costs, a reply to the opposition, and a hearing on the matter where both parties were represented.  There was sufficient evidence available to the trial court to make its determination of what was reasonably necessary in preparation for trial.  Thus, we find no abuse of discretion.

## DISPOSITION

The order is affirmed.  Respondents are awarded their appeal costs.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

McINTYRE, J.

5