Filed 5/24/21  Tilley v. Moreno CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BONNIE TILLEY, as Trustee, etc.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>OMAR MORENO, Individually and as Trustee, etc., et al.,<br><br>Defendants and Appellants. | F080040<br><br>(Super. Ct. No. BPB-18-003127)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Andrew B. Kendall, Commissioner.

Botti & Morison Estate Planning Attorneys, Richard A. Marcus and Paul A. Morison for Plaintiff and Appellant.

Darling & Wilson and Joshua G. Wilson for Defendants and Appellants.

-ooOoo-

# INTRODUCTION

Bonnie Tilley, the successor trustee of the Miller-Pitcher Family Trust, filed a petition pursuant to Probate Code section 850, subdivision (a)(3)(B) for an order transferring to the trust estate certain property interests held by Omar and Kristina Moreno. The Morenos electronically submitted a demurrer for filing in the probate court. That court subsequently struck the demurrer as untimely, deemed Tilley's petition unopposed, and entered an order granting her petition.

The Morenos filed a motion to stay enforcement of the probate court's order, which was granted. They then moved for: (1) a new trial, and (2) for reconsideration or, in the alternative, for relief under Code of Civil Procedure section 473, subdivision (b).[1] They asserted their demurrer had been submitted ahead of a court-imposed deadline and the court's striking thereof was the result of the court's "mistake, inadvertence, or neglect" or, alternatively, their attorney's "mistake, inadvertence, surprise, or excusable neglect, or even inexcus[]able neglect." Following a hearing, the probate court concluded discretionary relief was warranted on the grounds of "surprise of counsel." On August 30, 2019, the court signed an order granting the Morenos' motion for relief under section 473, subdivision (b), and vacating its prior order approving Tilley's petition. Tilley appealed.

On appeal, Tilley contends the probate court erroneously granted the Morenos' motion for relief under section 473, subdivision (b) because the statute was inapplicable, and because the Morenos did not "articulate any facts demonstrating the surprise of counsel causing entry of the order" (underlining omitted) or otherwise cite "a proper basis for the grant of a discretionary [section] 473[, subdivision ](b) motion."

---

[1]    Unless otherwise indicated, subsequent statutory citations refer to the Code of Civil Procedure.

The Morenos filed a cross-appeal stating that, if this court reverses the probate court's grant of relief under section 473, subdivision (b), the original order granting Tilley's petition will be reinstated. In that event, they request this court reverse the original order granting Tilley's petition.

We affirm the probate court's August 30, 2019 order.

## BACKGROUND INFORMATION

Thomas E. Miller and Joyce R. Pitcher created the Miller-Pitcher Family Trust on August 1, 2003. Under the terms of the trust, upon the death of the first settlor, the trust estate would divide into three subtrusts: a survivor's trust, a bypass trust, and a qualified terminable interest property trust. The bypass trust and the qualified terminable interest property trust would be irrevocable and funded with the decedent's assets, including his or her separate property.

Pitcher died on November 17, 2004. At the time of her death, she had separate property worth approximately $5 million, including interests in the following real properties and entities: 414 Witmer, Los Angeles, California; 457 Witmer, Los Angeles, California; 461 Witmer, Los Angeles, California; 439 Bonnie Brae Apartments, L.P.; 427 Westlake Apartments, L.P.; and Spaulding Apartments, LLC. By court decree, these interests were distributed to Miller, the sole trustee.

Via quitclaim deeds recorded on October 7, 2008, Miller conveyed to the Morenos an undivided 50 percent interest in 414 Witmer, Los Angeles, California; 457 Witmer, Los Angeles, California; and 461 Witmer, Los Angeles, California. Deeds of trust against these properties were recorded concurrently. In December 2011, Miller and the Morenos sold their interests in the properties. At some point, the Morenos acquired a 40 percent interest in 439 Bonnie Brae Apartments, L.P.; 427 Westlake Apartments, L.P.; and Spaulding Apartments, LLC. In April 2012, Miller and the Morenos acquired undivided 60 percent and 40 percent interests, respectively, in 427 Western, Glendale, California. In June 2012, Miller and the Morenos acquired undivided 60 percent and

3.

40 percent interests, respectively, in 2260-2262 ½ West Adams Boulevard, Los Angeles, California. Both properties were refinanced in 2015.

Miller died on August 23, 2016, and Tilley became the successor trustee. In the petition filed on November 1, 2018, she alleged Miller failed to fund the bypass trust and qualified terminable interest property trust. Tilley asked for an order transferring to the trust estate the Morenos' interests in 427 Western, Glendale, California; 2260-2262 ½ West Adams Boulevard, Los Angeles, California; 439 Bonnie Brae Apartments, L.P.; 427 Westlake Apartments, L.P.; and Spaulding Apartments, LLC; directing the Morenos to pay $1,700,000 "for losses suffered by [their and Miller's] misdealings"; removing Omar Moreno as property manager of 427 Western, Glendale, California and 2260-2262 ½ West Adams Boulevard, Los Angeles, California; and awarding damages "twice the value of the property recovered as well as reasonable attorney's fees and costs" pursuant to Probate Code section 859.

## PROCEDURAL FACTS

At an April 26, 2019 hearing, the probate court continued the cause to May 17, 2019, and instructed the Morenos to file their demurrer by May 10, 2019. The court warned them that it would waive objections pursuant to rule 7.801 of the California Rules of Court in the event of an untimely filing.

At the May 17, 2019 hearing, Tilley's attorney Paul Morison informed the court that the docket showed the Morenos' demurrer was filed on May 15, 2019. The court examined the docket, which indicated the demurrer was rejected on May 14, 2019, and accepted the next day. Anton Labrentz, the Morenos' attorney at this hearing, maintained the demurrer had been submitted ahead of the deadline through the court's Odyssey online e-filing system and supporting evidence was available at his office. The court struck the demurrer as untimely.

4.

An order granting Tilley's unopposed petition was entered on June 3 and 5, 2019 (the June 2019 order). Prior to entry, the Morenos filed a motion for new trial and to stay enforcement of the order.

At the June 13, 2019 hearing, the probate court stated:

> "I asked for additional information about what may or may not have been filed on [May 9, 2019]. I understand the rejection slip, which actually shows on Odyssey, the rejection slip, which shows that whatever was filed was rejected May 14th. However, I was able to locate what was filed on May 9th, and I also have the data about what fees may or may not have been paid."

Documentation was distributed to the parties. The court continued:

> "That's the information that I reviewed. Maybe you would want to take a minute to take a look at it before we proceed any further. But what I did find is that there was a filing on May 9th. A copy of that filing is included in what I gave you, the rejection slip of May 14th should be included in what I gave you, and then there is a register of what fees may or may not have been paid on May 9th and was a record, an electronic record, called file and serve. So those are the three things I've handed you."

Joshua Wilson, the Morenos' attorney at this hearing, stated the new trial motion was prematurely filed and the Morenos intended to refile the motion as well as submit a request for either reconsideration or relief under section 473, subdivision (b). The court granted the Morenos' request for a stay, and enforcement of the June 2019 order was stayed through August 15, 2019.

The Morenos refiled the new trial motion. They argued their demurrer was submitted on May 9, 2019, but the clerk improperly rejected it. In his declaration in support of the new trial motion, Wilson attested:

> "5.      . . . On May 9th, 2019, the day before the court's set deadline of May 10th, I submitted a demurrer in this action through the court's electronic Odyssey filing portal. By selecting the filing code 'Demurrer' the system automatically imposes a $60.00 filing fee. Attached hereto as Exhibit 'A' is a true and correct screenshot of the Odyssey system filing page where it shows that the filing code for 'Demurrer' automatically requires the payment of a $60.00 fee and does not permit an option to file a

5.

demurrer without paying the fee. Based upon this I believed that I had tendered the filing fee. I also added the $435.00 first appearance fee, paying $495.00 plus Odyssey fees, totaling $515.00 charged to my Visa credit card.

"6.     After my May 9th filing, I reviewed the Odyssey portal daily, and it showed a filing status of 'under review' until May 14th, on which date the clerk rejected the filing on the grounds that the filing lacked the $60.00 filing fee, that the case caption should be modified, and that the status of the parties needed to be adjusted in the electronic system. A true and correct copy of the 'envelope' that I printed from the California Superior Court's Odyssey e-File system shows 1) a submission date of May 9, 2019, which I coded as a 'demurrer,' 2) that the clerk rejected the filing on May 14th, 3) along with the clerk's comments, which is attached hereto as Exhibit 'B'.

"7.     In addressing the first ground, I filed the [Morenos'] Demurrer on May 9th, selecting the filing code 'Demurrer' and the Odyssey system automatically imposed a $60.00 filing fee. Based upon this, I believed that the filing fee had been tendered. The $435.00 first appearance fee was also tendered for a total of $515.00 with Odyssey service fees.

"8.     . . . [W]hen a filing is electronically submitted through the California Superior Court's Odyssey e-file system the system does a preauthorization that holds the submitted funds on the credit card used to pay the fees, but if the filing is rejected by the clerk, those funds are released. A true and correct copy attached of a question and answer webpage from the Odyssey E-filing website is attached hereto as Exhibit 'I'. Therefore, after the May 9th filing with its submitted fees of $515.00 was rejected by the clerk on May 14th, the Odyssey kept its $5.15 service fees but released the remaining amount that had been preauthorized. [¶] . . . [¶]

"10.     California Style Manual Fourth Edition, §§ 6.27 and 6.39 reflect the appropriate form of caption for a contested probate matter, requiring an adversarial caption in our type of matter. A true and correct copy of the aforementioned sections is marked and attached hereto as Exhibit 'D' and incorporated by reference herein. The case caption that I used on the May 9, 2019 demurrer submission was identical to that on the initial Petition filed November 1, 2018 and also identical to the Affidavit I filed on April 2, 2019, both of which contained an adversarial caption and neither of which were rejected by the clerk. A true and correct copy of the caption page of the Petition filed November 1, 2018 containing an adversarial caption, which was accepted by the clerk, the caption page of

6.

my Affidavit filed April 2, 2019 containing an adversarial caption, which was not rejected by the clerk on the grounds that the caption page was improper, and the caption page of the Demurrer containing an adversarial caption, which was rejected by the clerk, are marked and attached hereto as Exhibit '[E]' and incorporated by reference herein.

"11.  A true and correct copy of my Notice of Demurrer and Demurrer, Memorandum of Points and Authorities, and Declaration that I submitted on May 9, 2019 containing an adversarial caption, which was rejected by the clerk, is marked and attached hereto as Exhibit '[J]' and incorporated by reference herein.

"12.  A true and correct copy of my Notice of Demurrer and Demurrer, Memorandum of Points and Authorities, and Declaration that I resubmitted on May 14, 2019 containing a non-adversarial caption, which was rejected by the clerk, is marked and attached hereto as Exhibit 'F' and incorporated by reference herein.

"13.  A true and correct copy of my Notice of Demurrer and Demurrer, Memorandum of Points and Authorities, and Declaration that I resubmitted on May 15, 2019 also containing a non-adversarial caption, which was accepted by the clerk, is marked and attached hereto as Exhibit 'G' and incorporated by reference herein.  [¶] . . . [¶]

"15.  When I filed the April 2nd Affidavit the clerk initially rejected it on the grounds that my clients were non-parties and were not eligible to file into the case.  I resubmitted the document citing that it was an appropriate pleading under Code of Civil Procedure § 430.41(a)(2), and the clerk accepted it marking it as 'Filed on Demand.'  I did not at the time appreciate any distinction in terms of electronic filing codes or that the Morenos were 'non-parties' in the eyes of the clerk at the time that I filed either the affidavit on April 2nd or the Demurrer on May 9th.  I had understood them to be parties all along as the Petition is aimed directly at them, and the Petition directly names them as [defendants] in their various capacities.

"16.  On the morning of May 17, 2019, attorney Anton Labrentz appeared for [the Morenos] at the further hearing on the Petition set at the previous hearing on April 26, 2019.  I received a call from Mr. Labrentz on recess who explained that [Tilley] had argued to the court that the demurrer was untimely filed after the Court's instruction at the April 26th hearing to file a responsive pleading by May 10th.  I immediately emailed him screen shots from Odyssey detailing the filing of our demurrer at 3:24 pm PST on Thursday, May 9th, the day before it was due for filing.  Soon thereafter I

received a message from Mr. Labrentz that the court found that the demurrer was untimely filed, struck it, and granted in full [Tilley's petition] . . . ."

Also attached to Wilson's declaration was Exhibit "H," which was identified as the "Print-Out" given to the parties by the probate court at the June 13, 2019 hearing. The documentation showed, among other things: (1) Wilson submitted the demurrer on May 9, 2019; (2) Wilson used his credit card to tender a payment of $515; (3) only a "Convenience Fee" of $0.15 and "Total Filing & Service Fees" of $5 were charged.

The Morenos also filed a motion for reconsideration or, in the alternative, relief pursuant to section 473, subdivision (b). They reiterated their demurrer had been submitted before May 10, 2019. Regarding section 473, subdivision (b) relief, the motion stated:

> "[The Morenos] contend that any mistake, inadvertence, or neglect on the part of the Court to locate information relating to the May 9th filing submission at the May 17th hearing or on the part of the [Probate] Division to make an entry into the court's docket relating to the submission date is excusable and warrants a finding of discretionary relief.

> "While [the Morenos] do not believe that counsel's actions were the cause of the Court's May 17th decision, if, in the alternative, the Court finds that its striking of the Demurrer and granting of the Petition was the result of [the Morenos'] counsel's mistake, inadvertence, surprise, or excusable neglect, or even inexcusable neglect, based upon those facts found in the Declaration of Joshua G. Wilson filed herewith, then this Court must grant relief and set aside the judgment."

At the outset of a July 18, 2019 hearing, the probate court indicated its tentative ruling was to grant discretionary relief under section 473, subdivision (b). Pursuant to the Morenos' request, the court acknowledged Exhibit "H" of Wilson's declaration consisted of the same documentation it had provided to the parties at the June 13, 2019 hearing. After hearing further arguments, the court adopted its tentative ruling. It remarked:

> "[F]rom [Wilson's] point of view, [he] filed something on May 9th. It wasn't rejected until May 15th. Somebody was surprised at [his] office for the rejection. [¶] If something is rejected, [he's] thinking – I would think

8.

[he] may think if it's rejected May 9th, the rejection slip would say May 9th. [¶] . . . [¶]

". . . The Court has adapted [*sic*] the tentative. I'm granting the discretionary relief as I indicated in counsel's comments, it's discretionary relief as I think it's a surprise of counsel here. [¶] From their point of view, they filed something on May 9th. I was able to really confirm that they filed. They did, in fact, file on May 9th and . . . it wasn't rejected until May 14th . . . . [¶] Mr. Wilson is absolutely right. If I had this information, I wouldn't have defaulted."

In an order filed on August 30, 2019, the probate court granted the Morenos' motion for relief under section 473, subdivision (b) and vacated the June 2019 order approving Tilley's petition. Their new trial and reconsideration motions were denied as moot.

The Morenos filed another demurrer on August 13, 2019, and a hearing was set for September 19, 2019. Three days before the scheduled hearing, Tilley appealed from the August 30, 2019, order.

On September 25, 2019, the Morenos filed a cross-appeal.

## DISCUSSION

I.    **Tilley's appeal**

a.    *Application of section 473, subdivision (b)*

"Section 473[, subdivision ](b) provides a means for relief from judgment entered as a result of mistake, inadvertence, surprise, or neglect." (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 224 (*Henderson*).) "First, the section contains a discretionary provision: 'The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.' " (*Id.* at pp. 224-225, quoting § 473, subd. (b).) "Section 473[, subdivision ](b) also contains a 'mandatory' or 'attorney affidavit' provision. [Citation.] It provides: 'Notwithstanding any other requirements of this section, the court shall, whenever an

9.

application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' " (*Henderson*, at p. 225, quoting § 473, subd. (b).) "The mandatory relief provision of section 473[, subdivision ](b) is a 'narrow exception to the discretionary relief provision for default judgments and dismissals.' " (*Henderson*, at p. 226, quoting *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).)

Tilley contends section 473, subdivision (b) did not apply in the instant case because the probate court's June 2019 order granting her petition did not constitute a default or a dismissal within the meaning of the statute. She also contends relief was unavailable because Wilson—in his declaration—"ha[d] not taken any responsibility for the default" (capitalization omitted) and "blamed the clerk for not accepting the filing on May 9, 2019."

Tilley appears to rely on the statutory language governing mandatory relief. "In contrast to the mandatory provision in section 473[, subdivision ](b), 'discretionary relief under the statute is not limited to defaults, default judgments, and dismissals . . . .' [Citation.]" (*Henderson*, *supra*, 187 Cal.App.4th at p. 229.) "The discretionary relief provision of section 473, subdivision (b) applies to *any* 'judgment, dismissal, order, or other proceeding.' " (*Zamora*, *supra*, 28 Cal.4th at p. 254.) In addition, to obtain discretionary relief, a movant may allege an adverse order was the result of a third party's error. For example, in *County of Los Angeles v. Financial Casualty & Surety Inc.* (2015) 236 Cal.App.4th 37 (*Financial Casualty*), the defendant Financial Casualty filed a motion to vacate forfeiture and exonerate bond. (*Id*. at p. 40.) When the defendant learned that

the trial court had entered summary judgment on the forfeiture, it filed a motion to, in part, set the summary judgment aside due to its attorney's mistake, inadvertence, surprise or excusable neglect under section 473, subdivision (b). (*Financial Casualty*, at p. 42.) The attorney for the defendant submitted a declaration stating that he had appeared for the original court hearing on his motion but had been told by the clerk that the trial court had reviewed and granted his motion. As a result, he left the courtroom. If he had known the matter was going to be called, he would have stayed. (*Ibid.*) The appellate court found grounds for relief under section 473, subdivision (b) based both on surprise and excusable neglect. (*Financial Casualty*, at p. 44.) "[L]awyers have every right to reasonably rely upon what they are told by a trial court's staff." (*Ibid.*)

The record establishes the probate court granted discretionary relief. As such, Tilley's arguments lack merit.

>   b. *Probate court's order granting discretionary relief under section 473, subdivision (b)*

Next, Tilley contends the Morenos did not "articulate any facts demonstrating the surprise of counsel causing entry of the order" (underlining omitted) or otherwise cite "a proper basis for the grant of a discretionary [section ]473[, subdivision ](b) motion."[2]

"Generally speaking, the trial court's ruling on a discretionary motion for relief is reviewed for an abuse of discretion" (*Henderson*, *supra*, 187 Cal.App.4th at p. 230, citing *Zamora*, *supra*, 28 Cal.4th at p. 257) and " 'shall not be disturbed on appeal absent a clear showing of abuse' " (*Zamora*, at p. 257). "A ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it.' [Citation.]" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) Ultimately, a reviewing court is

---

**2**     Tilley also contends "there was no basis for reconsideration." (Capitalization omitted.) As previously mentioned, the probate court denied defendants' reconsideration motion as moot. (See *ante*, at pp. 8-9.)

"required to uphold [a discretionary] ruling if it is correct on any basis, regardless of whether such basis was actually invoked." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32, citing *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329.) Furthermore, " '[i]t is the policy of our law to allow each contested cause to be tried on its merits. . . . [S]ection 473 . . . is a legislative expression of this policy.' [Citation.]" (*Financial Casualty*, *supra*, 236 Cal.App.4th at p. 43.) "Because the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations]. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' [Citations.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980.)

As used in section 473, subdivision (b), "surprise" refers to " ' "some 'condition or situation in which a party to a cause is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against.' [Citation.]" ' [Citation.]" (*Financial Casualty*, *supra*, 236 Cal.App.4th at p. 44.)

Here, Wilson declared that he submitted the Morenos' demurrer through the court's Odyssey online e-filing system and used his credit card to tender payment of the $60 filing fee and $435 first appearance fee on May 9, 2019, a day before the court-imposed deadline. Exhibits "A" and "I" of his declaration—screenshots of pages on Odyssey's website—indicated a demurrer cannot be submitted without preauthorizing payment of the filing fee. Exhibit "H"—the documentation provided by the probate court to the parties at the June 13, 2019 hearing—confirmed Wilson used his credit card to tender a total payment of $515. Morenos' demurrer remained " ' "under review" ' " until May 14, 2019, when the clerk rejected it on three grounds: (1) the demurrer used an improper case caption; (2) the Morenos were non-parties and could not file; and (3) Wilson did not pay the required filing fee. However, Exhibits "D" and "E" demonstrated the demurrer's case caption conformed to the California Style Manual and

12.

was identical to the one used in Tilley's petition and Wilson's earlier affidavit. Nothing in the record suggests these documents had been declined because the case caption was wrong. Also, describing the Morenos as non-parties is incorrect since they were explicitly named in Tilley's petition. Although Wilson used his credit card to tender payment of the $60 filing fee, only $5.15 was charged. Exhibit "I," Odyssey's question-and-answer webpage, explained why this occurred:

> "**Will my credit card be charged for a filing that was rejected or cancelled?** . . . [¶] No, your credit card will not be charged. Only accepted filings are charged. When the filing is submitted, the system **does a preauthorization that will hold the funds on your [credit] card**, but once the rejection notification has been sent to the financial institution that owns your card, those funds should be released (some banks and credit card companies can take 3-14 business days to process this information and remove the hold). The same is true if you cancel a filing or your filing goes into a submission fail."

To say the filing of the demurrer was rejected by the clerk of the court in part *because* Wilson did not pay the filing fee is misleading: the payment was preauthorized, but the funds were released *after* the demurrer was rejected.

Wilson subsequently submitted a demurrer modified as directed by the clerk of the court. The clerk accepted that demurrer on May 15, 2019. Two days later, the probate court struck it as untimely.

The probate court's decision to grant the Morenos' motion for relief on the basis of surprise of counsel is not so irrational or arbitrary that no reasonable person could agree with it. (*Sargon Enterprises, Inc. v. University of Southern California*, *supra*, 55 Cal.4th at p. 773.) Wilson timely submitted the original demurrer a day before the May 10, 2019 deadline. (See § 1010.6, subd. (b) ["A trial court may adopt local rules permitting electronic filing of documents, subject to rules adopted by the Judicial Council . . . and the following conditions: [¶] . . . [¶] (3) Any document received electronically by the court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed

13.

on that court day."].)  Five days later, on May 14, 2019, he was unexpectedly informed that the filing was defective on multiple grounds.  Those grounds were baseless.  Wilson promptly submitted the modified demurrer, which was accepted five days after the May 10, 2019 deadline.

The clerk's initial rejection of the Morenos' filing was erroneous and through no fault of the Morenos or their counsel.  The probate court did not abuse its discretion when it granted the Morenos' motion for relief under section 473, subdivision (b).

## II.    Morenos' cross-appeal

The Morenos filed a cross-appeal "in the event that this court sets aside the relief granted by the trial court."  Because we affirm the August 30, 2019 order, we dismiss the cross-appeal as moot.  (*Najera v. Huerta* (2011) 191 Cal.App.4th 872, 874, 880.)

## DISPOSITION

The August 30, 2019 order is affirmed.  The cross-appeal is dismissed as moot. Costs on appeal are awarded to defendants Omar and Kristina Moreno.

DETJEN, Acting P.J.

WE CONCUR:

SNAUFFER, J.

DE SANTOS, J.

14.