Filed 1/29/24  Tayefeh v. Kern Medical Center CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FARZIN TAYEFEH et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>KERN MEDICAL CENTER et al.,<br><br>Defendants and Respondents. | F085746<br><br>(Super. Ct. No. BCV-15-100647)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Eric Bradshaw, Judge.

Fenton Law Group, and Benjamin J. Fenton for Plaintiffs and Appellants.

Hall Hieatt Connely & Bowen, Mark B. Connely and Stephanie A. Bowen for Defendants and Respondents.

-ooOoo-

## INTRODUCTION

Plaintiff and appellant Farzin Tayefeh, M.D. (Tayefeh), along with Farzin Tayefeh, M.D., Inc. (collectively, plaintiffs), appeal from a costs award in favor of defendants and respondents Kern Medical Center (KMC) and the County of Kern (collectively, defendants).  Plaintiffs claim the costs for the deposition of an out-of-state witness were unnecessary and unreasonable, and they assert that expert witness costs should not have been awarded and were otherwise unreasonable.  Defendants dispute the trial court erred in any respect and request sanctions against plaintiffs for filing a frivolous appeal.

For the reasons discussed *post*, plaintiffs have not established the trial court abused its discretion in awarding costs.  We therefore affirm the trial court's award of costs and deny defendants' motion for sanctions.

## FACTUAL BACKGROUND

This case arises from defendants' election to terminate Tayefeh's temporary hospital privileges in January 2015 after receiving notification that the Medical Board of California (MBC) had filed an accusation against Tayefeh seeking revocation or suspension of his medical license.  Tayefeh filed suit against defendants, claiming KMC had wrongfully terminated his privileges by not providing him with hearing and appellate rights in violation of KMC's medical staff bylaws.

The case proceeded to a jury trial in 2017, which resulted in a judgment in favor of defendants.  The judgment was reversed on appeal and, in May 2021, defendants served plaintiffs with an offer to compromise under Code of Civil Procedure section 998[1] in the amount of $20,000, which plaintiffs rejected.  Thereafter, the parties agreed to a court trial, which was held in 2022.  The trial court found in favor of defendants on plaintiffs'

---

[1]    All further statutory references are to the Code of Civil Procedure unless indicated otherwise.

2.

sole claim of wrongful termination of hospital privileges, and a judgment for defendants was issued. Defendants filed a memorandum of costs seeking $22,005.92, which included a request for $4,750 in expert witness costs related to Dr. Allan Pont and $2,128.19 for costs related to the deposition of Dr. Michael Gibbs.

The trial court denied plaintiffs' motion to tax costs, finding each of the claimed costs were reasonably related to the litigation and constituted an allowable cost. Plaintiffs appealed.

## DISCUSSION

### I. Deposition Costs For Dr. Michael Gibbs

The trial court awarded $2,128.19 for the deposition of Dr. Gibbs, which included $928.10 for travel costs to Indiana for the deposition. Plaintiffs argue the deposition of Dr. Gibbs was unnecessary, as the information KMC sought from him was irrelevant to the issues in the case, and the costs associated with travel and video recording of the deposition were unreasonable.

Generally, a prevailing party is entitled to costs as a matter of right. (§ 1032, subd. (b).) As relevant here, allowable costs include taking, video recording, and transcribing necessary depositions as well as travel expenses to attend depositions. (§ 1033.5, subd. (a)(3)(A).) Section 1033.5 further provides that "[a]llowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation … [¶] … [and] shall be reasonable in amount." (*Id.*, subd. (c)(2), (3).)

"Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.) The party appealing the trial court's decision to award costs bears the burden "'to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court

3.

of its discretionary power.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) To meet its burden, a complaining party must therefore show that the trial court exercised its discretion in an "arbitrary, capricious or patently absurd manner .…" (*Najera v. Huerta* (2011) 191 Cal.App.4th 872, 877.)

KMC maintains the deposition was necessary because Gibbs was the chief of the anesthesiology department at the hospital where Tayefeh provided services just prior to working at KMC. KMC wanted to determine what information Gibbs had about the MBC's investigation against Tayefeh when Gibbs provided KMC with a letter of recommendation for Tayefeh. KMC also wished to determine what additional information Gibbs might have that would contradict Tayefeh's claims. KMC argues the deposition revealed relevant information because it contradicted Tayefeh's deposition testimony that he did not leave the hospital in San Diego until December 2014, and while it was not needed for impeachment at trial, it was available for that purpose. KMC maintains it was entitled to investigate its case and seek relevant information.

Plaintiffs argue the deposition was unnecessary because Gibbs had no relevant information to offer—what he knew about the MBC accusation was entirely irrelevant to whether KMC wrongfully denied Tayefeh hearing and appellate rights under the bylaws. Further, the timing and reason for Tayefeh's departure from the hospital in San Deigo had nothing to do with the claims against defendants.

Plaintiffs have not established any abuse of discretion. The fact that a deponent is not called to testify at trial does not mean his or her deposition was unnecessary for trial preparation. (*Moss v. Underwriters' Report, Inc.* (1938) 12 Cal.2d 266, 276 ["the fact that the plaintiff did not offer [depositions] as evidence upon the trial does not necessarily indicate that he could have safely proceeded to trial without them"].) Gibbs was the chief of the department at the hospital where Tayefeh was providing services immediately prior to coming to KMC, and thus might have had information relevant to the MBC's investigation of Tayefeh. While that information may not have had great relevance to the

4.

substance of Tayefeh's claims, it did have relevance for impeachment purposes. Defendants were entitled to investigate the case and determine what relevant information Gibbs might possess, including that which might have impeachment value against Tayefeh, plaintiffs' primary witness.

Plaintiffs also argue the deposition costs are unreasonable because defendants chose to fly to Indiana for a deposition that lasted only 26 minutes, but we find no abuse of discretion in awarding these travel costs. Under section 1033.5, subdivision (a)(3)(C), travel expenses to attend depositions are an allowable cost, and there is no preclusion for out-of-state depositions. Moreover, as an out-of-state witness beyond the subpoena power of the trial court, ensuring the ability to present Gibb's testimony at trial was arguably best accomplished by video recording. (Evid. Code, § 240, subd. (a)(4) [witness unavailable if court is unable to compel attendance by its process]; Code Civ. Proc, § 2025.620, subd. (c)(2)(D) [deposition of unavailable witness may be used at trial].)

In sum, the trial court did not err in concluding Gibbs's deposition was reasonably necessary to the litigation and awarding the associated costs.

## II.     Expert Fees of Dr. Allan Pont

Plaintiffs argue the trial court erred in awarding expert witness costs under section 998 because the offer was not made in good faith—it was not realistically reasonable under the circumstances of the case.

### A.     Expert Witness Fees Were Awardable

Expert witness fees are not recoverable as a cost under section 1032, but they may be recoverable under section 998. Pursuant to section 998, subdivision (c)(1), "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff … shall pay the defendant's costs from the time of the offer. In addition, … the court …, in its discretion, may require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses, who are not

5.

regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial …, or during trial …, of the case by the defendant."

A prevailing party may recover costs under section 998 only if the offer was made in good faith. (*Licudine v. Cedars-Sinai Medical Center* (2019) 30 Cal.App.5th 918, 924 (*Licudine*).) A section 998 offer is made in good faith if the offer is "'realistically reasonable under the circumstances of the particular case'" (*Elrod v. Oregon Cummins Diesel, Inc.* (1987) 195 Cal.App.3d 692, 698)—i.e., if the offer "'carr[ies] with it some reasonable prospect of acceptance'" (*Regency Outdoor Advertising, Inc. v. City of Los Angeles* (2006) 39 Cal.4th 507, 531). "A token or nominal offer made with no reasonable prospect of acceptance will not pass the good faith test." (*Essex Ins. Co. v. Heck* (2010) 186 Cal.App.4th 1513, 1528 (*Essex*).) "'[W]hen a party obtains a judgment more favorable than its pretrial offer, [the offer] is presumed to have been reasonable and the opposing party bears the burden of showing otherwise.'" (*Ibid.*)

A prevailing party who has made a reasonable and good faith pretrial offer under section 998 is entitled to specific costs, and may be awarded a reasonable amount to cover the costs of the services of expert witnesses. (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 134.) We review a trial court's ruling on an award of expert fees under section 998 for an abuse of discretion. (*Licudine, supra*, 30 Cal.App.5th at p. 923; accord, *Nelson, supra*, at p. 134 ["Whether a section 998 offer was reasonable and made in good faith is left to the sound discretion of the trial court."].) It is the complaining party's burden to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power. (*Essex, supra*, 186 Cal.App.4th at p. 1529.)

Defendants served an offer under section 998 on May 7, 2021, in the amount of $20,000, which plaintiffs did not accept. Plaintiffs argue there was no reasonable prospect the offer, after six years of litigation, would be accepted—i.e., it was not

6.

reasonable or made in good faith. Defendants argue the fact that plaintiffs decided to litigate this case for six years does not make the section 998 offer unreasonable because at the time the offer was made, plaintiffs were aware a jury had already found in favor of defendants. Moreover, defendants argue, there was a significant and substantial dispute about the amount of damages recoverable.

Defendants' section 998 offer was presumptively reasonable because defendants obtained a judgment more favorable than their offer. The offer was made after the original judgment in defendants' favor was reversed on appeal, and the matter was returned for a new trial, but nothing about the issues decided on appeal eliminated or impaired defendants' substantive arguments and defenses. Further, defendants' section 998 offer included a waiver of costs, which, after the first trial, had amounted to approximately $12,000. The fact plaintiffs pursued the case for a significant amount of time was not necessarily indicative of its strength. Nothing plaintiffs point to indicate defendants' offer was unreasonable under these circumstances.

Whether an offer is made in good faith is based on whether, at the time it was made, it carried a reasonable prospect of acceptance by the offeree. (*Smalley v. Subaru of America, Inc.* (2022) 87 Cal.App.5th 450, 459.) Here, the offer was within the range of possible results at trial, considering the first trial had resulted in a verdict for defendants. Although this court's decision on appeal afforded plaintiffs the opportunity to present expert testimony that had previously been excluded at the first trial, this did not dramatically increase plaintiffs' ability to obtain a favorable judgment, especially as to damages because plaintiffs' evidence supporting damages remained unchanged and relatively weak. Moreover, because the parties had already tried the case once before the section 998 offer was made, plaintiffs had a fair opportunity to intelligently evaluate the offer. Although the offer was *low* considering the costs associated with another trial, there was a supported basis for the trial court to conclude under these circumstances the

offer was both reasonable and made in good faith. The trial court did not abuse its discretion in awarding expert witness fees under section 998.

Turning to the reasonableness of Pont's fees, defendants were awarded $4,750 for Pont's time preparing for and testifying at trial. Plaintiffs argue the preparation time of 6.5 hours is not reasonable as Pont's trial testimony took only two hours. Defendants argue 6.5 hours was a reasonable amount to review prior deposition transcripts and documents and to meet with defense counsel in preparation for trial. Defendants are correct—there is nothing objectively unreasonable about 6.5 hours of preparation time just because it exceeds the time it took to testify at trial. Plaintiffs have not shown awarding Pont's expert witness fees constituted an abuse of discretion.

## III. Defendants' Request For Sanctions

In addition to their responsive brief, defendants filed a motion seeking sanctions. Defendants argue plaintiffs' appeal of the trial court's cost order is entirely frivolous, without merit and was filed only for the purpose of delay; defendants urge us to award sanctions under section 907. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654 (*Flaherty*); Cal. Rules of Court, rule 8.276(a)(3), (4).)

"[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment— or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Flaherty, supra*, 31 Cal.3d at p. 650.) "An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid.*) The punishment of sanctions "should be used most sparingly to deter only the most egregious conduct." (*Id*. at p. 651.)

While plaintiffs' appeal from the costs order is unpersuasive, it is not foregone that any reasonable attorney would find plaintiffs' arguments totally and completely without merit. No clear evidence of subjective bad faith in conjunction with the appeal has been presented, and this appeal does not demonstrate any egregious conduct.

8.

**DISPOSITION**

The court's order is affirmed, and defendants' motion for sanctions is denied.

Defendants are entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


MEEHAN, J.

WE CONCUR:


LEVY, Acting P. J.


FRANSON, J.